FLORENCE FAIRBANKS, Plaintiff, *v.* 95 PONDFIELD ROAD CORPORATION and NEW ROCHELLE WATER COMPANY, Defendants.

County Court, Westchester County, April 4, 1939.

*Lampke & Stein,* for the plaintiff.

*Mitchell, Taylor, Capron & Marsh,* for the defendants.

Coyne, J. The defendant, 95 Pondfield Road Corporation, appearing specially, moves to dismiss the complaint for lack of jurisdiction of the person. The action is brought under subdivision 3 of section 67 of the Civil Practice Act to recover damages for negligence. Although the complaint alleges that defendant is a domestic corporation " having an office for the transaction of business in the County of Westchester " the papers clearly show that defendant has no such office in this county. It appears beyond dispute that defendant's so-called " principal " office is located in the county of New York, and it does not appear that defendant has any other office whatsoever. The summons and complaint was served upon an officer of the corporation in defendant's office in New York city. Plaintiff contends that jurisdiction is had because defendant owns real property in this county, and argues that such real property is included within the meaning of the words " plant or plants " in section 68 of the Civil Practice Act. The property in question is a one story building comprising five stores of the taxpayer type and rented by defendant to various tenants.

Without attempting to enter upon a definition of the words in question as used in the statute, suffice to say that the ownership of such commonplace real property within the county is insufficient to confer jurisdiction over the person. Plaintiff's contention is untenable. The jurisdiction of the County Court is limited, and the papers should show facts conferring jurisdiction. In the present case, where the real property is not the subject of the action, no jurisdiction is acquired over the person of the defendant merely because it owns real property within the county.

Motion to dismiss complaint, granted. Submit order.