Edward M. O’Gorman, J.
Petitioner was originally convicted of the crime of attempted forgery in Kings County in 1958 and was sentenced on January 15, 1959 to an indeterminate term at the Elmira Reception Center. Thereafter, petitioner was convicted on the charge of burglary in the third degree and grand larceny in the third degree, and was sentenced on February 10, 1966 as a second felony offender. Thereafter, on September 9, 1970, the petitioner’s motion to vacate the original judgment of conviction was granted.
Petitioner made application for resentence as a first felony offender in a habeas corpus proceeding which he brought for that purpose, and the relief which he sought was granted, with the consent of the Assistant Attorney-General then present and representing respondent.
Respondent now moves for reargument, on the ground that a motion for resentence had previously been denied when addressed to the sentencing court, and on the further ground that any resentencing on the 1966 felony would have to treat the petitioner as a second felony offender because, when his prior felony conviction was set aside in 1970, he pleaded guilty to a lesser felony included within the charge, and that at the present time he would still be a second felony offender.
The motion for reargument is granted, and upon reargument the court adheres to its original determination that the petitioner is entitled to be returned to the Suffolk County Court for resentence as a first felony offender.
The sentencing on the 1966 felony is on a nunc pro tunc basis, and is not affected by events happening subsequent to the date on which the original sentence was imposed.
The status of the petitioner is determined by the situation which prevailed at the time that the 1966 sentence was imposed upon him. The Kings County conviction of 1959 having been set aside, the petitioner was not a second felony offender in *169 1966, when he was sentenced in that capacity. The fact that he pleaded guilty and thus was convicted anew of the crime for which he was originally sentenced in 1959 does not alter the fact that the conviction came in 1970, and thus is not a conviction prior to the 1966 sentencing.
A multiple felony offender is defined in section 1941 of the former Penal Law as a person who commits any felony within this State “ after having been once or twice convicted within this state, of a felony, [etc.] ” (italics supplied). The present Penal Law (§ 70.10) defines a persistent felony offender as follows: “ a person who stands convicted of a felony after having previously been convicted of two or more felonies ’ ’.
The court is urged to find that by the time this petitioner is resentenced, some time in the year 1971, he will then still have on his record a prior conviction, to wit: the conviction of September 9, 1970. However, section 1941 provides that a second offender is one who “ commits any felony ” after having been convicted, etc. In this case, it is apparent that while the petitioner was indeed convicted on September 9,1970, and would be resentenced on the 1966 conviction at a date subsequent to 1970, he would not have committed the felony involved in the 1966 conviction “after” September 9, 1970, and, therefore, the September 9, 1970 conviction has no bearing on the determination of his status in 1966.
With respect to the technical objection raised to the form of the petitioner’s application, I feel that the petitioner should be given the benefit of the doubt and not be penalized for the errors apparently acknowledged to have been made by his counsel in his answering affidavit.
The writ should be dismissed and the prisoner should be returned to the County Court of Suffolk County for resentence.