OPINION OF THE COURT
Barbara M. Sims, J.
The defendant Anita L. Nevison is the petitioner upon this motion brought in a Special Term of the Buffalo City Court to set aside a judgment entered in the Small Claims Court thereof.
Defendant Nevison urges that the judgment against her entered in the Small Claims Court is void for lack of jurisdiction of the person of the defendant (CPLR 3211, subd [a], par 8) and because the judgment as obtained through fraud and misrepresentation in procuring the judgment in addition to lack of jurisdiction of the Small Claims Court to render the judgment. (CPLR 5015, subd [a], pars 3, 4.)
The judgment resulted from an action brought by plaintiff Beverly Wessell in the Small Claims Part of the Buffalo City Court against Ann D. Porter and Anita L. Nevi-son for injuries sustained by her on September 28, 1979 when a porch at property located at 221 Norwood Avenue in Buffalo, New York, collapsed.
*939 Liability of the said defendant was based upon the allegation of her ownership of the Norwood Avenue premises on the date when the injuries were sustained. Service of the notice of claim on Anita L. Nevison was made by certified mail, return receipt requested, addressed to the Norwood Avenue address. However, the letter was delivered to codefendant Ann D. Porter at her residence at 102 Oakland Place, several blocks away from Norwood Avenue. No explanation of its delivery to that address appears in any of the court papers.
A hearing was held in the Small Claims Part on June 11, 1980. The defendant Nevison did not appear. The defendant Ann D. Porter appeared and was represented by an attorney at the hearing held before an arbitrator.
Judgment was entered on behalf of the plaintiff for $1,005.80 against both defendants Porter and Nevison.
Defendant Nevison’s claim that the Small Claims Court was without jurisdiction to render the judgment was based upon section 1801 of the UCCA which provides: “The term ‘small claim’ or ‘small claims’ as used in this act shall mean and include any cause of action for money only not in excess of one thousand dollars exclusive of interest and costs, provided that the defendant either resides, or has an office for the transaction of business or a regular employment, within the county.”
She states that she was not at the time of the service of this summons, nor had she been for more than a year, a resident of the County of Erie, but rather was a resident and domiciliary of California; that she was not employed in the County of Erie, nor did she have an office for the transaction of business therein as is required by the statute. She urges that the small claims judgment be vacated and that the action be tried in the regular term of the court.
The plaintiff Beverly Wessell, by affidavit sworn to by E. Carey Cantwell, her attorney, states that defendant Anita L. Nevison had a place where she did business in Buffalo, namely, 102 Oakland Place, the residence of co-defendant Ann D. Porter, who was also alleged by him to be her agent.
*940 The plaintiff’s memorandum of law states that the rents from the Norwood Avenue property were paid at the Oakland Place address to Ann D. Porter, as agent; that all property maintenance and repairs were contracted for by James O. Porter and Ann D. Porter, and that the tax bills were sent to that address.
In essence, plaintiff argues that the totality of circumstances leads to the conclusion that the defendant Nevi-son had an office for the transaction of business in the County of Erie sufficient to confer in personam jurisdiction in the Buffalo Small Claims Court.
The term “office for the transaction of business” as used in section 1801 of the UCCA, and the term “transacts any business within the state” as used in CPLR 302 (subd [a], par 1) are different. (See Judiciary Law, § 190, subds 3, 5, wherein both terms are used; Mickle v Travellers Ind. Co., 70 Misc 2d 167.)
The term “office for the transaction of business” must be given its ordinary meaning (Coward v Moore, 3 Misc 2d 666).
There was no evidence other than the bare assertion in plaintiff’s memorandum that the defendant Nevison had an office for the transaction of business in her codefendant’s residence. No evidence was presented to indicate that there was an office telephone listed as to Nevison at that address, no letterheads were shown listing 102 Oakland Place as an office address, nor were,J records presented to substantiate the assertion that Ann D. Porter was an agent or employee of the defendant Anita L. Nevi-son. (Cf. Starr v Albin Constr. Co., 87 Mise 2d 858.)
Obviously a proper judgment could have been obtained in a superior court pursuant to CPLR 302 if defendant were transacting business within the State and particularly since CPLR 302 (subd [a], par 4) specifically provides for in personam jurisdiction over a nondomiciliary who owns, possesses or uses any property within the State.
The small claims notice was served upon the codefendant Ann D. Porter at her home at 102 Oakland Place which resulted in the judgment against her in the Small Claims Court.
*941 The fact that the taxes were sent to a Buffalo address or that rent was paid to the codefendant Ann D. Porter or that repairs were contracted by the defendant Porter and her husband does not convert the Porter residence into an office for the transaction of business for a codefendant (Howard v Government Employees Ins. Co., 105 Mise 2d 489).
Additionally, section 1803 of the UCCA provides that: “Such procedure shall provide for the sending of notice of such claim by registered or certified mail with return receipt requested to the party complained against at his residence, if he resides within the county, and his residence is known to the claimant, or at his office or place of regular employment within the county if he does not reside therein or his residence within the county is not known to the claimant”. (UCCA, § 1803, subd [a].)
This notice was sent to 221 Norwood Avenue, Buffalo, New York, which was neither the residence nor was it claimed to be the office or place of regular employment of the said defendant.
I therefore hold that Small Claims Court did not have jurisdiction of the nondomiciliary defendant Nevison merely by virtue of her ownership of real property within the county. (See Fairbanks v 95 Pondfield Rd. Corp., 171 Misc 698.) Additionally, the notice was in any event improperly served.
I therefore vacate the small claims judgment against the defendant Anita L. Nevison without passing on any of the additional assertions of the movant.