■ PAUL F. CERIO, Respondent, v CHARLES PLUMBING & HEATING, INC., Appellant. — Order of Onondaga County Court and judgment of Syracuse City Court unanimously reversed, on the law, without costs, and claim dismissed. Memorandum: Plaintiff instituted this action in Small Claims Court to recover the cost of repairing a chimney and piping installed by defendant more than nine years before. Defendant moved to dismiss the claim asserting the bar of the Statute of Limitations. The motion was denied and judgment was granted in favor of plaintiff in the sum of $154.40. The plaintiff's claim for the cost of repairing the chimney and piping accrued on completion of the work (see *Kassner & Co. v City of New York,* 46 NY2d 544, 550; *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 394; *Sosnow v Paul,* 36 NY2d 780, 782), and is now time barred. The claim must be dismissed, therefore, if the Statutes of Limitation provided for in CPLR article 2 apply to Small Claims Court. We hold that it does and we reverse the judgment and order below and dismiss the claim. CPLR 101 provides that the Civil Practice Law and Rules shall govern the procedure in civil judicial proceedings in all courts of the State, except where the procedure is regulated by inconsistent statute. CPLR 201 states that an action "must be commenced within the time specified in [art 2] unless a different time is prescribed by law". The Uniform City Court Act, governing small claim proceedings, does not prescribe any periods of limitation. The act generally provides that hearings upon small claims shall be conducted "in such manner as to do substantial justice between the parties according to the rules of substantive law and [the court] shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence" (UCCA, § 1804). The scope of review on small claims appeals is limited to insuring that "substantial justice" has been done between the parties according to rules of substantive law (UCCA, § 1807). Statutes of Limitation are more than provisions or rules of practice, procedure, pleading or evidence. They embody "an important public policy of giving repose to human affairs." (*Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, 429; see *Kassner & Co. v City of New York,* 46 NY2d 544, 550, *supra.*) " 'The primary consideration underlying such legislation is undoubtedly one of fairness to the defendant.' " (*Flanagan v Mount Eden Gen. Hosp., supra,* p 429.) In view of this strong public policy, we hold that the Statutes of Limitation set forth in CPLR article 2 are matters of substance that apply to proceedings in Small Claims Court. (Appeal from order of Onondaga County Court, Gale, J. — repair costs.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LEE WHITE, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Attempted sexual abuse in the first degree is an E felony which was punishable, at the time of defendant's conviction, by an indeterminate term of imprisonment of zero to four years (Penal Law, §§ 130.65, 110.05, subd 6). Defendant's sentence on his conviction for this crime is modified to a term of imprisonment of zero to four years to run concurrently with the other sentences imposed by the court. Defendant's other assertions on this appeal are without merit. (Appeal from judgment of Supreme Court, Erie County, Denman, J. — attempted sexual abuse, first degree, etc.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.