OPINION OF THE COURT
William Ritholtz, J.
The instant case presents the issue of whether the commencement of a small claims action should be deemed to relate back to the date the summons was taken out for purposes of determining the timeliness of the claim.
In this action, plaintiff sues to recover damages to his automobile allegedly caused by defendant’s negligence in a collision occurring on April 28, 1982. Subsequent to the occurrence, defendant’s insurance company communicated with plaintiff in an attempt to settle the dispute. The company’s claims adjustor examined plaintiff’s vehicle and in a letter dated March 10, 1983, the company made a firm offer of $175 to settle the case. This sum represented the salvage value of the automobile, which was deemed a total loss by the company due to another collision incurred prior to the accident *43 involving defendant in this action. Plaintiff claimed that his 1970 Opel was a classic model and should be assigned a greater value by the insurance company notwithstanding the prior accident.
Plaintiff filed a grievance against the insurance company with the State of New York Insurance Department, but to no avail. In its letter of June 20, 1983, the Insurance Department informed plaintiff that the question of value and the extent of damages to his vehicle can be best resolved by the courts. Further settlement negotiations having proved fruitless, plaintiff took out a small claims summons on April 2, 1985. Notice of the summons was mailed to defendant no later than April 4, 1985, as evidenced by entries in the mail manifest and cash receipts book of the small claims clerk. The notice was then returned unclaimed to the clerk’s office on April 19, 1985. Thereafter, plaintiff accompanied a friend, one Angelo Basso, who twice attempted to serve defendant. After a brief conversation with defendant, plaintiff engaged a process server who served the notice on defendant on May 8, 1985. Defendant now asserts as a defense that the claim is barred due to the running of the three-year Statute of Limitations on April 28, 1985, that is, prior to the actual service of the notice but after the first unclaimed delivery.
APPLICABILITY OF STATUTE OF LIMITATIONS
The initial inquiry in considering the merits of the defense that plaintiff’s action is time barred is whether the three-year Statute of Limitations of CPLR 214 applies to actions in Small Claims Court.
CCA article 18, which governs small claims proceedings, prescribes no periods of limitation. Defendant, therefore, relies on CPLR 214 and its application pursuant to CPLR 101. This latter section states that the Civil Practice Law and Rules shall govern the procedure in civil judicial proceedings in all courts of the State, except where the procedure is governed by inconsistent statute. In addition, CPLR 201 provides that an action "must be commenced within the time specified in * * * article [2] unless a different time is prescribed by law”. CCA 1804 calls for informal and simplified procedures in small claims. It requires that the "court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of *44 practice, procedure, pleading or evidence”. The section then adds that the statutes and rules governing Supreme Court practice and not in conflict with CCA article 18 shall apply to small claims.
Nothing in CCA 1804 or in the remaining sections of article 18 can be read as being in conflict with the periods of limitations in CPLR article 2. In spite of the desire for simplified and informal procedures in small claims, it has been held that Statutes of Limitation are more than mere provisions of rules of practice, procedure, pleading or evidence. (Cerio v Charles Plumbing & Heating, 87 AD2d 972.) They manifest "an important policy of giving repose to human affairs.” (Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429.) "[T]he primary purpose of a Statute of Limitations is to compel the exercise of a right of action within a reasonable time so that the defendant will have a fair opportunity to prepare an adequate defense free of the attendant prejudices occasioned by inordinate delay.” (Cucuzza v Vaccaro, 109 AD2d 101, 104.) In light of this strong public policy, Statutes of Limitation, as set forth in CPLR article 2, are matters of substance that apply to proceedings in Small Claims Court. (Cerio v Charles Plumbing & Heating, supra.)
THE DOCTRINE OF EQUITABLE ESTOPPEL
Having determined the applicability of the Statute of Limitations in this small claims action, the court must now consider whether defendant may be estopped from raising said statute as a defense. The estoppel doctrine emanates from the power, both at law and equity, of our courts to bar the assertion of the affirmative wrongdoing which caused the long delay in bringing suit. (General Stencils v Chiappa, 18 NY2d 125.) This case law doctrine is currently acknowledged by General Obligations Law § 17-103 (4) (b).
Its application may be justified only where defendant improperly lulls plaintiff into failing to bring his claim. Thus, it is incumbent upon plaintiff to present evidentiary facts which would establish defendant’s fraud, deception or misrepresentation. (Procco v Kennedy, 88 AD2d 761, affd 58 NY2d 804.)
In this case, plaintiff’s proof does not rise to the requisite level of establishing any deceptive conduct by defendant. There was no inherent secrecy in defendant’s actions (see, General Stencils v Chiappa, supra; Siegel, NY Prac §56, at 57), nor was defendant fraudulently attempting to "tout * * * *45 [plaintiff] away from the courthouse” (Shaw v Shaw, 97 AD2d 403, 404) by entering into settlement negotiations. (See, Procco v Kennedy, supra.) Plaintiff was not wrongfully induced into foregoing remedies otherwise unbeknownst to him. It is a case "not of defendants’ lulling the plaintiff into a sense of false security but of the latter’s sleeping on his rights.” (Proc v Home Ins. Co., 17 NY2d 239, 246.) Plaintiff had full recourse to "start the action with a warm smile and continue settlement talks afterwards.” (Siegel, NY Prac ibid.) Accordingly, the estoppel doctrine, use of which is most sparing (id.), shall not be applied here premised merely on plaintiff’s general expectation that the matter would be settled (id.).
TIMELY COMMENCEMENT OF ACTION
Plaintiff, in failing to estop defendant’s affirmative defense, may maintain his suit only if it was timely commenced within the applicable three-year Statute of Limitations. This three-year period of limitations ran on April 28, 1985.
Prior to this date, plaintiff took out a summons with the clerk of the small claims by providing the necessary information and fees. A notice was then sent to defendant but was returned unclaimed to plaintiff with no time remaining before the running of the statute to serve defendant by a process server.
In order to determine whether by these actions plaintiff timely began his lawsuit, the court examines CCA 1803. Subdivision (a) of that law states that: "Small claims shall be commenced upon the payment by the claimant of a filing fee of three dollars and the cost of certified mailing as herein provided, without the service of'a summons and, except by special order of the court, without the service of any pleading other than a statement of his cause of action by the claimant” (emphasis added).
Section 1803 is to be read in conjunction with New York City Civil Court Rules § 2900.33 (22 NYCRR). This latter section on small claims procedure provides that a "plaintiff may commence an action by paying the required filing fee and the cost of sending notice of claim, as provided in section 1803 of the Civil Court Act, and by supplying * * * to the clerk the [necessary] information”. (22 NYCRR 2900.33 [a] [1].)
The language of these two sections clearly shows that the controlling act that begins a small claims suit is the claimant’s filing of his claim and paying the required fee. It is not *46 dependent upon when defendant receives notice. Therefore, the returning of the summons unclaimed is of no consequence and does not negate the timely commencement of the action.
The uniqueness of service in a small claims action was contemplated by the drafters of the prior law, as well. That law stated that "but for the purpose of saving a cause of action from the operation of the statute of limitations an attempt to commence an action is equivalent to the commencement thereof when the summons is issued by the clerk, provided that actual service thereof is made with due diligence.” (Municipal Court Code § 18 [L 1915, ch 279]; see, Sanger & Jordan v Duncan, 196 App Div 55.)
In addition, the effect of taking out a summons with the small claims clerk may be compared to the filing of a summons with the County Clerk to interpose a claim pursuant to CPLR 203 (b) (5). That section states that for the purpose of computing periods of limitation, a claim is interposed when, for example, a summons is filed with the appropriate County Clerk within the City of New York, provided that summons is properly served within 60 days after the period of limitation would have otherwise expired. Thus, merely by filing with the County Clerk a plaintiff may avert for 60 days the effect of the running of the limitations period. The burden of serving defendant, however, always remains with plaintiff.
In contrast, in a small claims action, the initial responsibility of notifying defendant falls upon the clerk of the court. Only if this mailed notice is returned, other than for refusal to accept it, will claimant be responsible for having defendant personally served. It is incongruous that a small claims claimant, with diminished responsibility for and control over service than that of a plaintiff proceeding under CPLR 203 (b) (5), should be prejudiced when attempting to timely interpose his claim.
For these reasons, this court holds that the commencement of the instant action relates back to the date the summons was taken out. The claim is, therefore, timely interposed.
CONCLUSION
Upon review of all the evidence and the applicable law the court finds that plaintiff is entitled to judgment in the sum of $675 together with interest, costs and disbursements.