OPINION OF THE COURT
Louis B. York, J.
This small claims case came before me for trial on August 14, 1990. Plaintiff contends that his motor vehicle was damaged when the defendant negligently towed plaintiff’s car from its allegedly illegal parking place on March 2, 1989. Defendant contends, however, that plaintiff failed to comply with General Municipal Law § 50-e in that he served his *423 notice of claim several months late. Plaintiff would thus be barred from bringing this suit.
The issue then is whether in Small Claims Court the standard of doing "substantial justice” pursuant to CCA 1804 would allow plaintiff to sue defendant without filing a timely notice of claim. I hold that plaintiff is not barred by his failure to perfectly comply with the statute.
New York Small Claims Court provides a system by which a citizen who asserts a legal wrong may seek speedy and inexpensive justice. New York’s simplified procedure has been termed " 'one of the most efficient and effective small claims court systems in the nation’ (US Chamber of Commerce, Model Consumer Justice Act, Proposed Model Small Claims Act for State Legislatures, at 45 [1976]).” (Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [Civ Ct, NY County 1988] [see generally].)
The New York City Civil Court Act governs the small claims system and section 1804 provides in pertinent part that: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”. Thus, in order to facilitate the handling of minor claims and grievances, technical rules are relaxed and the use of a lawyer is not encouraged. In fact, it has been noted "that '[t]o require a layman to be possessed of detailed legal knowledge in procedure, or to require him to procure counsel at additional expense, is contrary to the intent of the Legislature in establishing the Small Claims Act.’ ” (Webster v Farmer, 135 Misc 2d 12, 18 [City Ct, Oswego County 1987], citing Selman v Appel’s Garage & Serv. Sta., 73 Misc 2d 581, 582 [Long Beach City Ct 1973]; see also, Buonomo v Stalker, 40 AD2d 733 [3d Dept 1972]; Levins v Bucholtz, 208 Misc 597, 599 [App Term, 1st Dept 1955], affd 2 AD2d 351 [1st Dept 1956].)
The courts have recognized the relaxed standard in small claims and have dispensed with customary rules of procedure. In Webster v Farmer (supra) the court dealt with the issue of the court’s role in the event that the pro se litigant does not prove his damages. The court noted that "many claimants, despite the written instructions from the Office of Court Administration informing them of the need to prove their damages, will invariably present their entire case to establish a cause of action and then indicate that they are finished— *424 without even mentioning, let alone proving the amount of their damages” (supra, at 13) and directed that a hearing be held to take additional testimony and any other proof or evidence to be offered by either party as to damages. The court cautioned, however, that in assisting these unrepresented litigants, "it is not the duty or function of the court to act as an attorney for the pro se litigant in order to 'even up the score’. It is indeed a fine line that must be established in small claims for the court to do 'substantial justice’, procedurally and substantively, to the pro se litigant and to the litigant with an attorney as well” (supra, at 20).
In Weiner v Tel Aviv Car & Limousine Serv. (supra), the court reviewed the legislative history of the New York small claims system in determining the availability of accelerated judgment motions in small claims — specifically, a motion to dismiss pursuant to CPLR 3211 (a) (7). The court indicated its fear that "In responding to a motion by counsel, the lay litigant is left floundering in a sea of papers and legal jargon” (supra, at 341) and noted that because technical rules "thwart the proper function of small claims courts” motion practice is generally discouraged (supra, at 341). Further, the court stated that the vast majority of small claims cases are disposed of at the first court appearance while a motion typically requires at least one adjournment. Thus, the court held that such motions would merely delay the proceeding and absent extraordinary circumstances, the Small Claims Court would not entertain a pretrial motion to dismiss a pleading for legal insufficiency (supra, at 342).
Although the standard of "substantial justice” has been applied under a variety of circumstances, few cases have dealt with the issue of a plaintiff’s compliance with General Municipal Law § 50-e. Preliminarily, it must be noted that statutes such as section 50-e are enacted to enable "municipalities to make early investigations of claims and to marshal evidence promptly at a time when it is possible to do so.” (Matter of Brown v Board of Trustees, 303 NY 484, 490 [1952].) Thus, a municipality is afforded protection from stale claims (303 NY, at 490, citing Winter v City of Niagara Falls, 190 NY 198, 203). The service of a notice of claim is a condition precedent to bring a tort cause of action against a municipality (supra, 303 NY, at 490).
In Johnson v Timmerman (92 Misc 2d 626 [Jefferson County Ct 1978]) the court relied on UCCA 1804 and held in part that the requirements of General Municipal Law § 50-e and County *425 Law §§ 52 and 369 are procedural. Thus, these sections were not applicable to operate as a bar to a small claims action (supra, at 629).
Brownstein v County of Westchester (51 AD2d 792 [2d Dept 1976]), cited by defendant, is merely dicta to the effect that failure to comply with section 50-e bars the lawsuit, and is therefore not controlling on this court. Defendant also cites Town of Poughkeepsie v County of Dutchess (129 Misc 2d 312 [Sup Ct, Dutchess County 1985]) in which the court characterizes section 50-e as "jurisdictional” rather than procedural (supra, at 316). However, the court was not acting in the context of small claims and therefore did not apply UCCA 1804 and its "substantial justice” standard in reaching its conclusion.
In the instant matter, pro se plaintiff filed a notice of claim, albeit several months late. He did not perfectly comply with section 50-e but he made a reasonable attempt to accommodate the law’s technicalities. As has been noted by the Legislature and the courts, claimants in small claims systems are not expected nor encouraged to obtain counsel. It is the court’s duty in applying "substantial justice” to avoid closing the door on pro se claimants who at least attempt an accommodation of the law. Here, the defendant was given sufficient notice of pro se plaintiff’s allegations to enable the city to promptly investigate and marshal the evidence. (Matter of Brown v Board of Trustees, supra.) Therefore, the plaintiff is not barred by section 50-e.
As to the merits of the pro se plaintiff’s cause of action, the defendant towed plaintiff’s motor vehicle on March 2, 1989. While the plaintiff’s motor vehicle was in the custody of the defendant, the plaintiff’s motor vehicle was damaged. Plaintiff has made an adequate showing of defendant’s negligence in the handling of the subject motor vehicle. Judgment for the plaintiff in the sum of $600.