OPINION OF THE COURT
Richard F. Braun, J.
This is a negligence action in the Small Claims Part of this court. Defendant Empire Blue Cross/Blue Shield (Empire) defaulted, and defendant New York City Office of Comptroller (City) has appeared by counsel. An inquest was held as to defendant Empire at the same time as a trial was conducted as to defendant City. After completion of the inquest hearing, a judgment was awarded against defendant Empire in the amount of $2,000.
At trial, defendant City moved to dismiss arguing that claimant’s notice of claim was too indefinite and was served late, that no written notice of the defect was received by defendant City before the incident at issue, and that claimant failed to prove his prima facie case against defendant City. Claimant cross-moved at trial for leave to serve his late notice of claim nunc pro tune. He argued that the notice of claim was sufficiently particularized, that no prior notice of the defect was legally mandated, and that he proved that defendant City was liable.
Claimant, a pro se attorney, sues for damages due to personal injuries that he sustained on June 4, 1990 when he tripped over a two-inch by six-inch sharp metal object protruding from the sidewalk in front of a building owned by defendant Empire. The piece of metal was a broken sign post.* At the time of the incident, construction was occurring in front of the building of defendant Empire immediately next to the accident site.
Defendant City, as well as the adjoining landowner, can be *952 held liable for failure to maintain a public sidewalk in a reasonably safe condition, as long as defendant City has actual or constructive notice of the defective condition. (D’Ambrosio v City of New York, 55 NY2d 454, 462 [1982].) Liability can be found against both the municipality and the adjacent landowner for a sidewalk appurtenance in disrepair. (Supra, at 463.)
General Municipal Law § 50-e (1) (a) requires that a claimant serve a notice of claim upon defendant City within 90 days after the claim arises as a condition precedent to commencing an action or special proceeding based on the claim. Claimant served defendant City with a notice of claim. Defendant City argues that the following statement of claimant’s notice of claim is too vague as to the location of the injury: "This is to notify you that the undersigned was injured by a fall on the sidewalk on the south side of East 41st Street, between Third and Lexington Avenues, in Manhattan, on June 4, 1990 at 10 a.m., due to the protruding of a bent metal post cemented into the sidewalk adjoining the building owned by Empire Blue Cross/Blue Shield.”
The court rejects this argument of defendant City. A claimant is not expected to give a metes and bounds description of the locus of the incident in the notice of claim. The notice of claim here certainly was clear enough to enable defendant City to determine where the accident occurred so that it could have "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available.” (Teresta v City of New York, 304 NY 440, 443 [1952]; cf., Caselli v City of New York, 105 AD2d 251, 252-253 [2d Dept 1984] [notice was insufficient there as to location].)
General Municipal Law § 50-e (5) provides that the court has the discretion to extend the time in which a claimant may serve a notice of claim as long as the application is made by the claimant within the one year and 90-day Statute of Limitations pursuant to General Municipal Law § 50-i. The late notice of claim provision sets forth certain factors that the court must consider in reaching its determination as to whether to grant leave to serve a late notice of claim. Here, the accident occurred on June 4, 1990. Claimant served his notice of claim on or about January 9, 1991, which was after the 90-day requirement for a timely notice of claim, but well within the one year and 90-day Statute of Limitations.
*953 Some types of notices that are conditions precedent to prosecution of an action or proceeding have been held to be predicates to a court’s having jurisdiction over the subject matter of the action. (See, e.g., Dowarp Realty Co. v Acevedo, NYLJ, Apr. 3, 1990, at 26, col 2 [App Term, 1st Dept]; Solack Estates v Goodman, 102 Misc 2d 504 [App Term, 1st Dept 1979].) Service of a predicate notice of claim has been held to be a part of the cause of action. (Jackson v Police Dept., 119 AD2d 551, 552 [2d Dept 1986].) Whether jurisdictional or part of the cause of action, the requirement of serving such a notice is a matter of substantive law, not merely procedural. (Supra; contra, Johnson v Timmerman, 92 Misc 2d 626, 629 [Jefferson County Ct 1978].) Thus, as a rule of substantive law, service of a proper notice of claim cannot be waived under the relaxed procedural rules for the Small Claims Part, pursuant to CCA 1802 and 1804. (See, Rechais v Liberty Lines Buses, NYLJ, Mar. 18, 1991, at 30, col 5 [Yonkers City Ct].)
General Municipal Law § 50-e (7) provides that an application for leave to serve a late notice of claim shall be made in Supreme Court or County Court. (See, Maiello v City of New York, 113 Misc 2d 122, 123 [App Term, 2d Dept]; Pandolfi v Board of Educ., 9 Misc 2d 305, 306 [App Term, 1st Dept 1957].) Thus, the Civil Court of the City of New York generally does not have jurisdiction over a motion for leave to serve a late notice of claim. (Matter of Perez v City of New York, 133 Misc 2d 1083, 1085 [Sup Ct, NY County 1986].) None of the aforesaid three cases appears to have arisen in a Small Claims Part.
General Municipal Law § 50-e (7) should not apply in the Small Claims Part. (Davis v City of New York, 148 Misc 2d 422 [Civ Ct, NY County 1990].) Contrary to the substantive requirement that there must be service of a notice of claim, a motion for permission to serve a late notice is merely a procedural requirement. CCA 1804 mandates that the court in the Small Claims Part "do substantial justice”. Pursuant to CCA 1802, "[Small Claims Part] practice, procedure and forms * * * shall constitute a simple, informal and inexpensive procedure for the prompt determination of such claims”. Requiring that a claimant in the Small Claims Part go to Supreme Court or County Court to obtain leave to serve a late notice of claim would fly in the face of the goals of the establishment of the Small Claims Part, given the considerably greater expense, more complicated procedure and longer time to process actions in the Supreme and County Courts. *954 Thus, the Small Claims Part of this court has the power to entertain claimant’s motion to serve a late notice of claim.
However, granting claimant’s motion for leave to serve his late notice of claim is denied here because to do so would be a useless act. (See, Chateau D’lf Corp. v City of New York, NYLJ, Nov. 19, 1990, at 24, col 6 [Sup Ct, NY County].) As explained below, due to claimant’s failure to comply with the Pothole Law, there is no point in this court’s granting claimant’s motion.
Administrative Code of the City of New York § 7-201 (c) (2) (the Pothole Law) provides: "No civil action shall be maintained against the city for * * * injury to person * * * sustained in consequence of any * * * sidewalk * * * or any part or portion * * * including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or where there was previous injury to person * * * as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition.”
The Appellate Division, First Department, has applied the Pothole Law to "a projecting gas valve housing” on the street and dismissed a personal injury action against defendant City due to the lack of prior notice. (Meltzer v City of New York, 156 AD2d 124 [1989].) The Appellate Division, Second Department, dismissed a personal injury action for failure to comply with the prior notice provision of a similar "pothole law” regarding a bent sign stanchion. (Freeman v County of Nassau, 95 AD2d 363 [1983].) Clearly, the Pothole Law applies to the bent metal post in the sidewalk at issue here, because the post was an encumbrance on the sidewalk or attachment to it, and the post was "out of repair, unsafe [and] dangerous”.
The requirement that written notice of the defect be given pursuant to the Pothole Law is part of the cause of action for personal injuries. (Engel v City of New York, NYLJ, Aug. 3, 1990, at 18, col 1 [Sup Ct, NY County]; see also, Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633 [1974] [construing CPLR 9804, a similar "pothole law”].) Consequently, said *955 notice requirement is a matter of substantive law. (Supra.) Therefore, contrary to claimant’s argument, the Pothole Law is not a procedural rule that can be ignored in the Small Claims Part of this court.
Claimant produced no evidence at trial demonstrating that, prior to June 4, 1990, defendant City had written notice of the bent sign post, or acknowledged in writing notice thereof. Claimant testified that he had never given any such notice to defendant City, and had no definite knowledge that defendant City had any such notice.
Claimant asks the court to infer that defendant City had received prior written notice of the defective sign post from a letter, dated September 24, 1990, to defendant City from the insurance carrier for Empire Blue Cross and Blue Shield. First, there is no proof that the letter was addressed to a person or department authorized by the Commissioner of Transportation to receive notice under the Pothole Law. Second, there was no proof that the letter was mailed. Finally, the letter was dated after the date of claimant’s accident. The letter states that, after a prior "similar incident” which occurred on or about May 4, 1990, a representative from defendant Empire wrote to a third party who then contacted defendant City in order to request that it make necessary repairs. Not only are the assertions multiple hearsay, but they do not state whether the alleged notice to defendant City by the third party was in writing, to what person or department of defendant City the notice was given, whether the notice was given before or after the date of claimant’s accident, and whether the similar incident occurred at the same location where claimant was injured. This letter cannot be construed to be prior written notice to defendant City under the Pothole Law.
Claimant next argues that defendant City should be found liable because there was construction near the incident site which must have been allowed by permits issued by defendant City, which must have been supervised and inspected by employees of defendant City, and which must have led to the bending of the sign post. As the Appellate Division, First Department, has stated: "lack of compliance with the [Pothole Law] will be excused on the ground of actual notice only in the narrowest of circumstances, such as where the accident occurred during a construction project at which a municipal inspector was present on a sufficient basis to ensure against precisely the danger that caused the ensuing injury” (Kelly v *956 City of New York, 172 AD2d 350, 352 [1st Dept 1991]). There is no such proof supporting claimant’s speculative contentions.
Thus, due to claimant’s failure to prove that defendant City had prior written notice pursuant to the Pothole Law, this action must be dismissed against defendant City, unless defendant City has been affirmatively negligent. (Kelly v City of New York, supra.) Claimant has made no showing that defendant City’s misfeasance or malfeasance caused his injury. Therefore, this action is dismissed as to defendant City.

 The sign post was not owned by either defendant, or by the City of New York. The owner of the sign post was not joined as a party to this action.