OPINION OF THE COURT
Daniel Markewich, J.
The issues in this small claims action, concerning service, jurisdiction, and default judgment, arise out of the conflict between UJCA 1803 (a), which requires "the sending of notice of * * * claim by ordinary first class mail and certified mail with return receipt requested to the party complained against”, and Uniform Rules for Justice Courts (22 NYCRR) § 214.10 (e), which requires that the notice be sent "to the defendant by certified mail, return receipt requested”, but makes no provision for a first class mailing. The respective sections 1803 (a) of the New York City Civil Court Act, the Uniform City Court Act, and the Uniform District Court Act are identical in all material respects to UJCA 1803 (a); Uniform Rules for New York City Civil Court (22 NYCRR) § 208.41 (d), Uniform Rules for City Courts Outside the City of New York (22 NYCRR) § 210.41 (d), and Uniform Rules for District Courts (22 NYCRR) § 212.41 (d) are identical in all material respects to section 214.10 (e) of the Uniform Rules for Justice Courts.[1] Therefore, this decision has equal application to all small claims courts.
Prior to November 1, 1985 the respective sections 1803 (a) of the various court acts, like the court rules then and currently in effect, provided only for certified mail service of the notice of claim in small claims actions. The amendment to the respective sections 1803 (a), effective on that date (L 1985, ch 334), is so worded as to indicate that it was the intent of the amending legislation to require that the "procedure”, governed by the rules of the chief administrator of the courts as authorized by the respective sections 1802 of the various acts to "regulate the practice and procedure controlling the determination of such claims”, must "provide for” service of the notice of claim by both ordinary mail and certified mail as the new statutes required. The various court rules were never amended, however, to conform to the additional statutory requirement of service by ordinary as well as certified mail.
*161 This is a curious oversight when it is noted that the January 1984 Unified Court System Commentary to section 214.10 of the Proposed Uniform Rules for New York State Trial Courts contemplated the adoption of "a provision for remailing a notice by regular mail before the defendant will be deemed to have received it”. Moreover, it was the Office of Court Administration (OCA) that proposed the 1985 amendment to section 1803 (a) (see, Mem of Off of Ct Admin, 1985 McKinney’s Sessions Laws of NY, at 3529); and the informational brochure entitled A Guide to Small Claims Court (Apr. 1993) provided by the Unified Court System and written by the OCA pursuant to the requirements of section 1803 (b) of the various acts clearly states: "The clerk will * * * send the notice of claim to the defendant by both certified mail and ordinary first class mail”[2] (at 2).
Unfortunately, it has been the practice of the clerk of the South Nyack Justice Court to follow the mandate of the OCA as set forth in the Uniform Rules by serving notice of claim only by certified mail, return receipt requested; if the amendment to the statute was ever known at all, it has been ignored. Undoubtedly, this has been and continues to be the practice as well of numerous other village, town, district and city court clerks who have followed the letter of the OCA rule but not the law as amended. The procedure in South Nyack has been changed effective December 10, 1993 by memorandum of Justice Lee A. Hoffman as the result of the present case so as to require that the manner of service in small claims actions henceforth conform to the statutory requirements.
Service in the present case was originally made by the clerk on August 24, 1993 only by certified mail, return receipt requested, with the hearing fixed for September 13, 1993. The certified mailing was returned to the court as unclaimed; and, although the plaintiff was present, the defendant failed to appear at the hearing. Fortunately, no action could be taken on that date in any event inasmuch as Justice Hoffman found it necessary to recuse himself from the matter and therefore referred it to me as Acting Justice for all purposes. After a review of the applicable law convinced me that the court as yet had obtained no personal jurisdiction, I re-served the *162 defendant by both ordinary first class mail and certified mail, return receipt requested, and fixed a new hearing date.
It is plain that the original certified mailing on August 24, 1993, without more, failed to bring about personal jurisdiction over the defendant when the mail was returned unclaimed. (See, Ryder v Tannenbaum, 137 Misc 2d 326 [App Term, 2d Dept 1987], affg 130 Misc 2d 42 [Civ Ct, Kings County 1985].) As the OCA wrote (Mem of Off of Ct Admin, 1985 McKinney’s Session Laws of NY, at 3529): "Under existing law, a jurisdictional problem occurs when the party claimed against, otherwise subject to service, fails to accept delivery of the notice of claim. The court is not deemed to have acquired jurisdiction of all parties and the small claims action may not proceed.” Accordingly, the failure of the defendant to appear in court on September 13, 1993 provided no basis for the taking of a default judgment against her pursuant to UJCA 1402, and any such judgment would have had to be set aside pursuant to CPLR 5015 (a) (4) for lack of jurisdiction.
Furthermore, even under the default judgment provisions as set forth in section 214.10 (h) of the Uniform Rules for Justice Courts, the defendant could not have been held to be in default for her failure to appear at the scheduled hearing, because the certified mailing, the sole means of service, was returned unclaimed and, therefore, even the notice as required by the Uniform Rules was not "duly given”. Pursuant to section 214.10 (g) of the Uniform Rules, the remedy in such event was re-service or, failing that, dismissal without prejudice. The comparable provisions of the Uniform Rules with respect to the other affected courts are section 208.41 (h) and (g), section 210.41 (g) and (f), and section 212.41 (g) and (f).
According to the OCA, the purpose of the 1985 amendment was to "cure this jurisdictional problem” caused by unclaimed certified mail "by amending section 1803 (a) * * * to provide that a small claims action shall be commenced[3] by the mailing of the notice of claim to the party claimed against — both by ordinary first class mail and certified mail.” (Mem of Off of Ct Admin, 1985 McKinney’s Session Laws of NY, at 3529; emphasis in original.) Yet it is clear that if in the present case ordinary mail had accompanied the certified mail posted to *163 the defendant on August 24 giving notice of a hearing scheduled for September 13, 1993, there still would have been no jurisdictional basis for proceeding upon the defendant’s failure to appear on that date. The cause of this problem is the partial conflict between UJCA 1803 (a) and section 214.10 (d) of the Uniform Rules for Justice Courts.
Section 214.10 (d) of the Uniform Rules requires that the date for the hearing be fixed "not less than 15 nor more than 45 days from the date the action is recorded.” In an effort to afford the parties the speedy disposition contemplated by the Uniform Rules, the clerk of this court fixed the hearing in the present case for the next semimonthly[4] court date more than 15 days after the action was filed, which was September 13, 1993; but that date was only 20 days after the notice of claim was mailed. As part of the 1985 amendment requiring service by ordinary as well as certified mail, section 1803 (a) established a presumption that "If, after the expiration of twenty-one days, such ordinary first class mailing has not been returned as undeliverable, the party complained against shall be presumed to have received notice of such claim.” Accordingly, even if ordinary as well as certified mail posting had been made on August 24, 1993, no default judgment could have been taken on September 13 as fewer than 22 days would have elapsed from the date of the first class mailing.
As the result of the present case, Justice Hoffman’s December 10, 1993 memorandum requires, in partial conflict with the provisions of section 214.10 (d) of the Uniform Rules but in conformity with UJCA 1803 (a), that no hearing be scheduled for less than 22 days after the mailing of the notice of claim to the defendant. It should be noted that in this respect the Civil, City and District Courts have no comparable problem posed by court rule since sections 208.41 (c), 210.41 (c) and 212.41 (c) of the Uniform Rules require only that the hearing in those courts be held "as soon as practicable” and thus do not conflict with the statutory requirement that 21 days pass before the presumption of notice arises. Those courts, however, will also want to schedule small claims hearings for at least 22 days after notice is mailed.
The final, and most intriguing, question posed by this case is *164 the effect on existing small claims default judgments of incomplete service coupled with actual notice, i.e., service by certified mail that was received but that was not accompanied by ordinary mail as the statute has required since November 1, 1985. By way of example, if the defendant in the present case, to whom notice only by certified mail was posted on August 24, had actually signed for that mail yet failed to appear in court on September 13, could a default judgment have been validly rendered against her even though no ordinary first class mailing had also been made?[5]
The text of section 1803 (a) makes it plain that service of the notice of claim "shall” be made by two kinds of mailings. The OCA Memorandum (1985 McKinney’s Session Laws of NY, at 3529) is no less emphatic. Siegel’s Practice Commentaries to section 1803 of McKinney’s New York City Civil Court Act speak to "[t]he requirement of an ordinary first-class mailing in addition to the certified one”. (McKinney’s Cons Laws of NY, Book 29A, at 283; emphasis added.)
I have also reviewed the contents of the legislative Bill Jacket, comprising 22 consecutively numbered pages. The July 8, 1985 Memorandum to the Governor from Attorney-General Abrams (Bill Jacket, L 1985, ch 334) states that the amendment provides that the notice "must” be sent by ordinary as well as certified mail (id., at 11-12). The May 1985 Report of the Committee on the Civil Court of the New York County Lawyers’ Association states that the bill would "require” ordinary first class mail notice (id., at 15); the June 27, 1985 Comments of the Chair of the State Legislation Committee of that Association use the same language. (Id., at 16-17.)
On the other hand, the June 27, 1985 Memorandum from General Counsel of the New York State Consumer Protection Board to the Governor’s Counsel asserts that the amendment "would also allow service by ordinary first class mail”. (Id., at 20; emphasis added.) Moreover, a June 21, 1985 letter from Assemblyman Stephen M. Saland, one of the sponsors of the amendment, to the Governor’s Counsel states: "Pursuant to this bill, service of process can be accomplished by * * * additional service * * * by ordinary first class mail”. (Id., at 10; emphasis added.)
*165 Perhaps most importantly, the Memoranda of Assemblyman Saland and Senator Jay P. Rolison, Jr., the bill’s other sponsor, submitted to the Legislature in support of the amendment makes it plain that the over-all purpose of the bill was to supplement certified mail service by making it "easier to initiate a small claims proceeding where a defendant refuses to accept and sign for receipt of certified mail containing a notice of claim.” (Id., at 5, 9.) Thus, while a plaintiff can avoid such service problems if the court clerk also employs ordinary mail by relying on the presumption of receipt of the notice of claim if the first class mailing is not returned as undeliverable, it does not appear to have been the intent of the sponsors to have notice of the claim held defective even if it is served only by certified mail, provided that it is proven by a signature on a certified mail receipt or otherwise that the notice was delivered to the defendant.
Where, as here, the amended statute is procedural and remedial in nature, the ordinary rule is that the amendment should be liberally construed so as to spread its beneficial effects as widely as possible. (Matter of Asman v Ambach, 64 NY2d 989, 990 [1985].) In light of the Legislature’s clear intent to ease the burden of plaintiffs in small claims actions against evasive defendants, it would be a misapplication of the 1985 amendment to hold that failure to include a first class mailing where a defendant actually receives a certified mailing prevents the court from obtaining personal jurisdiction.
Moreover, as UJCA 1804 makes clear, the mission of a small claims court is "to do substantial justice between the parties.” Although the court is bound by "the rules of substantive law”, it is not ordinarily bound by "statutory provisions or rules of * * * procedure.” According to section 1803 (a), the methods "for the sending of notice of * * * claim” are part of the "procedure” that may be set forth in the rules of the chief administrator pursuant to section 1802.
I am well aware of Cerio v Charles Plumbing & Heating (87 AD2d 972 [4th Dept 1982]), which holds that Statutes of Limitations strictly apply in small claims actions; and of Wessell v Porter (107 Misc 2d 938 [Buffalo City Ct 1981]), which holds that requirements of geographical jurisdiction strictly apply in such cases. I believe, however, that Davis v City of New York (148 Misc 2d 422 [Civ Ct, NY County 1990]) and Lurie v New York City Off. of Comptroller (154 Misc 2d 950 [Civ Ct, NY County 1992]) are more nearly on point. Both *166 decisions contrast late notice of claim served upon a municipality with total failure of notice, regarding the former as "merely a procedural requirement” to be examined pursuant to the "substantial justice” rule.[6] As Davis notes (148 Misc 2d 422, 425): "the defendant was given sufficient notice of pro se plaintiffs allegations” notwithstanding the plaintiff’s failure to comply with the legal technicalities for late service.
The same factors would seem to apply to such default judgments as may have been taken in past small claims actions against defendants actually and provably served with notice of claim by certified mail pursuant to section 214.10 (e) of the Uniform Rules who were not also served with ordinary first class mail notice as required by statute. Since the document in question is a notice of claim, not a complaint, the primary focus should be on the receipt of notice rather than on the manner of service. As Justice Streit stated, dissenting in a different context in Johnson v Block (65 Misc 2d 634, 636 [App Term, 1st Dept 1971]), "The issue here is not one of * * * practice formalities, but the more basic question of due notice and opportunity to defend, which is a matter of substantial justice.”
Accordingly, notwithstanding such cases, none of them involving small claims, as Dorfman v Leidner (76 NY2d 956, 958-959 [1990]); Macchia v Russo (67 NY2d 592, 595 [1986]); and Pesner v Fried (166 AD2d 512 [2d Dept 1990]), all of which emphasize the necessity of adhering strictly to service requirements, I find that the better rule in small claims actions is that stated in Siegel’s Practice Commentaries to section 1804 of McKinney’s New York City Civil Court Act: "it was the intention of § 1804 to subordinate all unprejudicial defects to the accomplishment of 'substantial justice’.” (McKinney’s Cons Laws of NY, Book 29A, at 288; see also, Siegel, NY Prac § 582, at 920 [2d ed].)
While I cannot and will not prejudge such applications as may be made in the future pursuant to CPLR 5015 (a) (4) to set aside default judgments previously rendered by the South *167 Nyack Justice Court after service of notice of claim by certified mail but without accompanying service by ordinary first class mail, it would seem that the sole appropriate inquiry in such circumstances should be whether or not the defendant actually and timely received the notice of claim by mail. Nevertheless, in order to end once and for all the practice of service solely by certified mail in derogation of the statutory requirements, I respectfully suggest that the OCA promptly amend sections 214.10 (e), 208.41 (d), 210.41 (d) and 212.41 (d) of the Uniform Rules so as to conform their provisions to the mandate of section 1803 (a) of the various applicable statutes. I also suggest that section 214.10 (d) of the Uniform Rules for Justice Courts be amended so as to provide, in conformity with the statutory presumption, that no small claims hearing shall be held less than 22 days after the mailing of notice of claim.
With respect to the present case, it should be noted that on the new hearing date scheduled upon re-service of the notice of claim by both ordinary and certified mail, the plaintiff was present but the defendant once more failed to appear. The certified mailing was again returned as unclaimed, but the ordinary mailing was not returned as undeliverable although more than 21 days had passed since posting. Accordingly, it is ordered that judgment by default be rendered in plaintiff’s favor in the amount of $101.88, together with interest since July 5, 1993, costs and disbursements.

. Pursuant to section 1804 of the various acts, where a conflict exists between "the rules of this court” and "the provisions of this article”, article 18 "shall control”. (See also, Travis v New York State Dept. of Envtl. Conservation, 185 AD2d 714 [4th Dept 1992].)

. The OCA bench book Materials for Town and Village Justice’s Certification Program (at 103, Nov. 1990) also provides for two mailings of the notice of claim.

. This language is misleading, as both section 1803 (a) and Ryder v Tannenbaum (137 Misc 2d 326, supra) make it clear that a small claims action is commenced by filing, not by mailing.

. I note that section 214.10 (a) of the Uniform Rules for Justice Courts requires "at least one session every other week for the hearing of small claims” (emphasis added). It is unclear whether this is an attempt to require those Justice Courts that historically have met only twice monthly to convene at least biweekly.

. Certainly, upon proof of the actual receipt of certified mail, there would be no necessity to employ the presumption of delivery of ordinary mail after 21 days. Thus, the fact that the hearing took place less than 22 days after the mailing would pose no problem in these circumstances.

. Since Lurie holds (154 Misc 2d 950, 953, supra) that service at some point of a notice of claim on a municipality is a "substantive requirement”, a better parallel to the present postulated facts would be a small claims action in which the court disregarded the circumstances that service was made by ordinary instead of certified mail, as there is little doubt that a small claims court would do upon proof of actual receipt of the notice. (See, General Municipal Law § 50-e [3]; cf, Krieger v City of New York, 118 Misc 2d 537 [Sup Ct, Queens County 1983].)