Jacob Markowitz, J.
The defendant New York City Housing Authority moves for summary judgment dismissing the complaint. The motion is grounded on the separate defense, which is based on section 50-e of the General Municipal Law. Notice of claim was served and received. . While the statute requires service, personally or by “registered” mail, service in this instance was made by “ certified ” mail. In Teresta v. City of New York (304 N. Y. 440), the Court of Appeals held that (pp. 442-443) “ Since the city neither returned the notice, nor at any time objected to the manner in which it had been served until after the commencement of the trial, the statutory requirement of personal service or notification by registered mail must *835 be deemed to have been fully and effectively waived by the city.” After pointing out that the prime, if not the sole, objective of the notice requirement was to assure the city an adequate opportunity to investigate the claim while information is still readily available, the court said (p. 443) “ That end is certainly not frustrated by permitting the city to accept timely notification by ordinary mail in lieu of the other methods prescribed by section 50-e.” The language of the court in the following paragraph of the opinion relates only to an additional ground for the court’s determination, viz., “ estoppel”, by reason of the city’s holding an examination of the claimant. The court said (p. 443) “ Thus, present here, in addition to an unequivocal waiver, are elements of estoppel as well” (italics supplied).
Inasmuch as the movant concededly received the notice, which was sent by “ certified ”, rather than by “ registered ”, mail and by failing to object to this method of notice until after the time for service personally or by registered mail had expired, the movant waived the statutory requirements as to service.
Accordingly, there is no need to discuss the question of whether ‘£ certified ’ ’ mail constitutes a form of 11 registered ’ ’ mail. The motion is denied.