John H. Galloway, Jr., J.
This is a motion by the defendant to vacate and set 9-side a judgment and bill of costs entered on October 14,1963 and for a direction to the County Clerk to enter judgment in the form of the attached proposed judgment. The plaintiff cross-moves for an order (1) to vacate the decision of this court dated October 23, 1963, which set aside the verdict of the jury and (2) for leave to reargue the motion to set aside the verdict of the jury.
This court will; consider first the plaintiff’s cross motion. With respect to that portion of the motion which seeks to set aside the verdict of the jury, the plaintiff claims that the decision is not in conformity with rule 2219 of the Civil Practice Law and Rules. It is plaintiff’s contention that the decision was delayed for an unreasonable length of time after the motion was made and that rule 2219 requires that an order determining a motion shall bej made within 60 days. Plaintiff’s attorney apparently overlooks the final phrase of the first sentence of subdivision (a) of rule 2219 which is “ after the motion is submitted for decision.” While the matter herein was tried on April 15, 1963, at the close of the case, decision was reserved on the motions made during and after trial pending submission of memoranda of law by the respective attorneys. The brief of the defendant’s! attorney in this regard was received by this court on May 1, 1963. Subsequent thereto on a number of occasions an inquiry was directed either to the plaintiff’s counsel *7 or a request was received from him with respect to the extension of time to serve his brief. The last communication this court had with plaintiff’s counsel with regard to his brief was on August 28, 1963 when in a telephone conversation with this court’s chambers, plaintiff’s attorney advised his brief would be submitted in one week. When it finally appeared to the court on or about October 17,1983 that no brief was forthcoming from the plaintiff’s attorney, the matter was considered “Fully Submitted ” and decision was filed on October 18, 1963, setting aside the verdict for reasons therein stated. If under the circumstances herein related such delay was undue and unreasonable so as to come within the proscription of subdivision (a) of rule 2219 of the Civil Practice Law and Rules, the cause for the delay plainly rests with plaintiff’s counsel. Since this court does not consider the matter to have been “ Fully Submitted ” until October 17,1963, the decision was well within any intended proscription of the statute. Accordingly, the plaintiff’s motion to set aside the verdict on that ground is denied.
With respect to the plaintiff’s motion to reargue there is appended to the motion papers a photostatic copy of a notice to the plaintiff dated June 24, 1960 from the County Executive of Westchester County to appear on August 19, 1960 for examination relative to the claim herein under litigation. Also appended is a photostatic copy of a letter dated September 10, 1960 from the plaintiff’s attorney to the County Attorney of Westchester County advising that plaintiff and counsel were unable to appear on August 19 and requesting an adjourned date. It is this court’s distinct recollection from its trial minutes that both the above items were not part of the record on the trial of this action. While the court entertains some doubt as to whether they can be considered as part of the record at this late stage, the court will, nonetheless, consider them in support of the contention presented on plaintiff’s reargument, namely that these two items of correspondence constitute a waiver by the Westchester County Playland Commission, the defendant herein, of the requirements of section 50-e of the General Municipal Law. To support his contention on this reargument that there has been a waiver, the plaintiff cites a number of cases, in all but one of which it clearly appears that in addition to the receipt of notice in some form by the municipality the municipality also conducted an examination of the claimant. Plaintiff relies on Teresta v. City of New York (304 N. Y. 440) as authority for his claim of waiver. It clearly appears from a reading of this case that an examination was held by the City of New York. While the decision in Caro v. City of New York (31 Misc 2d 834) *8 interprets the Teresla decision as holding that an examination by the municipality creates an estoppel in addition to a waiver with respect to the requirements of section 50-e of the General Municipal Law, there are a number of other decisions which hold that there is a waiver only after receipt of some sort of notice and the holding of examination (cf. Bronson v. Westchester County, 10 Misc 2d -293, 295; Soules v. City of Rochester, 10 A D 2d 362, 363; Matter of Anderlohr v. City of New York, 201 Misc. 605). In any event since the trial record and the papers on this motion fail to establish that an examination of the plaintiff was held by the defendant herein a plea of estoppel is not available to the plaintiff. Accordingly, plaintiff’s motion for reargument is denied.
Since the judgment heretofore entered was submitted to the Clerk of the court while the decision on the motion to set aside the verdict was stijll under consideration such submission was premature and that judgment will be vacated. The motion therefore of the defendant to vacate and set aside the judgment and directing the County Clerk to enter judgment in the form of the judgment attached to the motion will be granted.