■ MICHAEL BROWNSTEIN, Respondent, v COUNTY OF WESTCHESTER, DEPARTMENT OF PARKS, RECREATION AND CONSERVATION, Appellant.—In a negligence action to recover property damages, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated July 8, 1975, which dismissed its appeal from a judgment of the City Court of the City of White Plains, dated December 6, 1974 and entered upon an arbitrator's award in the Small Claims Part, in favor of plaintiff. Order affirmed, without costs or disbursements. We concur with the majority at the Appellate Term, which dismissed defendant's appeal. It is true that, since the plaintiff's notice of claim did not comply with the controlling statutes (General Municipal Law, §§ 50-e, 50-i; County Law, § 52), the award of the arbitrator in the Small Claims Part in favor of plaintiff was based upon a mistake of law. However, the law is settled that finality and invulnerability attach to a judgment entered pursuant to an award by such an arbitrator (see *Heller v Sable,* 39 Misc 2d 343; cf. *Matter of Associated Gen. Contrs., N. Y. State Chapter [Savin Bros.],* 45 AD2d 136). Defendant's express reservation seeking to preserve its right to appeal, and the assurances of the City Court Judge that an appeal could be taken, are ineffectual; neither the parties, the arbitrator nor the court can confer a right to appeal where none exists as a matter of law (see *Trager v Abalene Blouse & Sportswear Corp.,* 1 Misc 2d 952; *Heller v Sable, supra).* Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.