OPINION OF THE COURT
John V. Aylward, J.
This is an appeal from Small Claims Part of City Court of Watertown from an oral decision of Acting Judge Dierdorf, denying defendants-appellants’ written motion to dismiss the claim in Small Claims Court basically upon the grounds that the court did not have jurisdiction of the subject matter cause of action, nor of the persons of defendants.
*628 SUBJECT MATTER JURISDICTION
r.
Defense counsel argues that the Small Claims Part of City Court does not have "subject matter” jurisdiction in this matter and infers that the Small Claims Part of a City Court is an arm of a sovereign of lesser stature than that of a county municipality and therefore is not capable of exercising jurisdiction over the defendant county.
This claim is for a sum of money, namely unpaid wages, and of course a claim for a sum of money only is the sole subject matter over which a Small Claims Part has any jurisdiction, so long as the claim is within the monetary limit of its parent City Court (UCCA, § 1801).
An examination of the Uniform City Court Act reveals that there is nothing repugnant about the Small Claims Part of City Court exercising jurisdiction over a "greater” municipality such as a county. In fact, section 1809 of the Uniform City Court Act permits a municipal corporation to come to the Small Claims Part as a plaintiff. Philosophically, there isn’t any valid reason why any municipality should not be subjected to the jurisdiction of a Small Claims Part as a defendant, so long as it is not otherwise prohibited by any pertinent statute.
There is nothing to suggest that the Judges of a Small Claims Part of City Court are not sufficiently qualified or competent to pass upon the rights of any litigant including any municipality within the limits of its monetary jurisdiction.
JURISDICTION OF THE PERSONS
Defendants’ counsel argues that the proper parties are not before the court. It is undisputed that defendant-appellant Ralph Timmerman was the Chairman of the Board of Supervisors of Jefferson County, that he was served by certified mail, and that the County of Jefferson maintains its principal office in the County Building in the City of Watertown, New York. It is also undisputed that Carl O. Bachman was a trustee of Jefferson Community College, even though he is not chairman, that he was served by certified mail and that he resides in the City of Watertown. It is evident from the title of the action that both individuals are being sued in their representative capacities, and as such they are proper persons to be served, so that before the court is the municipality "County of *629 Jefferson” and also the educational department of the County of Jefferson, namely "Jefferson Community College” and the title of this action will be deemed to be amended as follows:
"STATE OF NEW YORK COUNTY OF JEFFERSON
CITY COURT OF WATERTOWN SMALL CLAIMS PART
REINHARD JOHNSON, Plaintiff,
—VS—
COUNTY OF JEFFERSON and
Jefferson community college, Defendants.”
It appears that the jurisdictional requirements over the persons, as contained in sections 201, 213, 1801 and 1803 of the Uniform City Court Act have been complied with.
FILING NOTICE OF CLAIM — NOT REQUIRED
Defendants’ counsel argues that the Small Claims Part lacks jurisdiction because of a failure by plaintiff to file a notice of claim pursuant to subdivision 2 of section 369 of the County Law.
This claim is for money only and is based upon a written contractual agreement to pay plaintiff’s salary at stated intervals. Such written contracts are deemed to be verified claims. Further, fixed salaries are exempted from the requirement of filing a claim and may be paid without a prior audit. This court holds that there is not any requirement to file a notice of claim for this particular claim of plaintiff.
The broader issue as to whether or not notice of claim for other causes of action, such as torts or other contractual claims are required to be filed as a condition precedent prior to the commencement of an action in Small Claims Court has also been studied.
The requirements of section 50-e of the General Municipal Law, sections 52 and 369 of the County Law to file a verified notice of claim are statutory in origin. They are procedural in nature as distinguished from the basic substantive rights of the parties as to whether or not a cause of action exists.
The Legislature, in adopting section 1804 of the Uniform City Court Act has abolished the requirement that Small Claims Part be bound by such procedural statutes. The primary obligation of such a court is to render "substantial justice” so long as the court adheres to substantive law.
The dicta in Brownstein v County of Westchester (51 AD2d *630 792) in the Appellate Division, Second Department, would seem to be contra.
PLAINTIFF HAS EXHAUSTED HIS REMEDIES — ARBITRATION
Defendants’ counsel raises as an issue for dismissal in his motion papers the fact that plaintiff has exhausted all of his remedies pursuant to the agreement between the jefferson COUNTY BOARD OF SUPERVISORS AND THE BOARD OF TRUSTEES OF JEFFERSON COMMUNITY COLLEGE REPRESENTING THE COUNTY OF JEFFERSON AND FACULTY ASSOCIATION OF JEFFERSON COMMUNITY college, and therefore the Small Claims Part is without power or jurisdiction to hear this claim.
Defendants’ counsel argues in his brief the contradictory position that plaintiff has not exhausted his remedies pursuant to the agreement, in that he has not proceeded with step IV.
In any event, initially it is for the Judge of Small Claims Part to take evidence and determine whether or not plaintiff and defendant have complied with their contract. The record on appeal is inconclusive as to this issue. (See Rieder v State Univ. of N. Y., 47 AD2d 865, mot to dismiss app den 36 NY2d 965.)
The order denying defendant’s motion is affirmed with $25 costs to the respondent, and the matter is remanded to Small Claims Part for further proceedings and a determination on the merits not inconsistent with this opinion. This decision is based on the law.