*157 OPINION OF THE COURT
Joseph J. Maltese, J.
At the commencement of this trial an Assistant Corporation Counsel made an oral motion on behalf of the defendant, the New York City Health and Hospitals Corporation (HHC), to dismiss this small claims negligence action on the ground that the pro se plaintiff failed to serve a notice of claim upon the proper party as required by General Municipal Law § 50-e.
The claim arose from a collision between the defendant’s ambulance and the plaintiffs automobile. It is uncontroverted that within three weeks of the collision, the plaintiff obtained and served a form printed by the City entitled "claim against THE CITY OF NEW YORK, AUTOMOBILE PROPERTY DAMAGE”. The form was served upon "the city of new york, office of the comptroller” and less than one week after this service, the Comptroller’s office provided a written acknowledgment of the claim noting that the claim "is currently under investigation.”
Six months later and well within the time limit prescribed by General Municipal Law § 50-e, the plaintiff commenced this action, pro se, in the Small Claims Part of this court against the New York City Health and Hospitals Corporation. The court record discloses that the defendant repeatedly adjourned this case for seven months which was approximately 14 months after the accident. Immediately upon the case being called for trial, the defendant’s counsel made the instant oral motion to dismiss, claiming that the plaintiff had given the required 90-day notice of claim to the wrong agency — the Comptroller rather than the HHC.
The issue presented here is whether General Municipal Law § 50-e is to be strictly applied to suits brought by plaintiffs appearing in the Small Claims Parts of this court.
During the time the claim was being "investigated” and during the many months of adjournments, the Comptroller, HHC and the Corporation Counsel, which serves as counsel to both of these municipal entities, remained mute on the issue of proper notice. No report of the "investigation” was given to the plaintiff. No objection to service of the notice of claim upon the Comptroller rather than the HHC was made by either agency or their common counsel until the trial of this matter was about to begin.
The principal purpose of the notice of claim statute (General Municipal Law § 50-e) is to afford a municipality or municipal corporation an opportunity to investigate claims *158 against it, and to settle claims without the expense and risk of litigation (Salesian Socy. v Village of Ellenville, 41 NY2d 521, 524 [1977]).
Numerous courts have found this notice of claim statute to be onerous and have been reluctant to strictly enforce its harsh penalty which can produce unfair results such as the dismissal of the claim. One lower court found these provisions so repugnant and unjust that it declared General Municipal Law § 50-e to be unconstitutional (see, Zipser v Pound, 69 Misc 2d 152 [White Plains City Ct 1972]). While the authority of a City Court to declare a State statute unconstitutional may be questioned, it is well recognized that the strict enforcement of General Municipal Law § 50-e can result in inequitable results.
The basic purpose of CCA 1804 is to open the courts to persons seeking legal recourse without the prohibitive requirement of legal representation in matters having small monetary value. The maximum sum which may be claimed in the Small Claims Part is currently $2,000. It is difficult for the average person to obtain legal counsel to represent him/her at affordable cost-effective fees for such claims. Since most litigants in this court are not familiar with the law, the Legislature has provided that this court render substantial justice based upon the same philosophy which excludes the Small Claims Part from the imposition of procedural rules of practice.[1]
The instant case is just such a situation contemplated by the Legislature where "substantial justice” not procedural hurdles ought be observed. Other courts have used this "substantial justice” mandate of the Legislature in arriving at equitable results in the Small Claims Courts.
It has long been held that in the Small Claims Part, justice must be administered without regard to procedural or eviden *159 tiary rules of law. (See, Liberman v American Lumbermans Mut. Cas. Co., 203 Misc 816 [1953].)
In 1978 the Jefferson County Court found in Johnson v Timmerman (92 Misc 2d 626) that the filing of a notice of claim as required by General Municipal Law § 50-e is not a condition precedent to the commencement of an action in the Small Claims Part. Citing UCCA 1804, which is similar to CCA 1804, the Jefferson County Court on appeal from a City Court held that the statute is procedural in nature. The primary obligation of a Small Claims Court is to render "substantial justice” (at 629) so long as the court adheres to substantive law.
Judge York of the New York County Civil Court writing in Davis v City of New York (148 Misc 2d 422 [1990]) held that dispensing "substantial justice” (at 425) as required by CCA 1804 permitted the plaintiff to sue the defendant municipality without filing a timely notice of claim. Since General Municipal Law § 50-e is a procedural statute, strict adherence to it need not be applied in the Small Claims Court.
More recently, Judge Braun of the New York County Civil Court in Lurie v New York City Off. of Comptroller (154 Misc 2d 950 [1992]) ruled that the Civil Court has the power to entertain a claimant’s motion to serve a late notice of claim, and thus obviate the procedural impediment of General Municipal Law § 50-e.
Lastly, Professor David Siegel in his Practice Commentaries to the statute states: "This is also the section [CCA 1804] that makes the ordinary procedural rules inapplicable” (emphasis added). (See, Siegel, McKinney’s Cons Laws of NY, Book 29A, CCA 1804, at 285.)
It is clear that procedural requirements such as the notice of claim provisions of General Municipal Law § 50-e need not be strictly applied in the Small Claims Court.
In addition, the defendant, HHC, should be estopped from asserting the lack of a timely notice of claim upon it when its own acts delayed the proceeding to such an extent that the plaintiff was beyond the statutory time within which to move to extend the time to file a late notice of claim. Moreover, the action which was timely served upon the HHC was sufficient notice in this matter to protect the rights of the defendant against stale claims.
In this action, it is significant to note that this pro se plaintiff, in good faith, served his notice of claim, albeit upon *160 the Comptroller and not the HHC, within three weeks of the occurrence. It is also significant that within one week the plaintiff received a letter from the Comptroller’s office stating that they were "investigating” his claim. The tone of the letter implied that a response would be forthcoming at the conclusion of the investigation. Thus, the Comptroller having assumed the responsibility of providing the claim form, acknowledging the receipt of the completed plaintiff’s claim and asserting in their acknowledgment that they were "investigating” the claim, effectively mislead the claimant. By such actions, the Comptroller unintentionally prevented the plaintiff from filing a proper notice of claim by lulling him into a false sense of security that his claim was being "investigated”.
Clearly, the claimant believed that he had done what General Municipal Law § 50-e required by filing a notice of claim within 90 days of the accident which was acknowledged by the Comptroller, an agent of the City of New York. The Legislature and the courts of this State have long maintained the "legal fiction” that the Comptroller, as an agent of the City of New York, is a separate and distinct entity from other New York City municipal corporations such as the HHC, notwithstanding their common attorney, the New York City Corporation Counsel. However, to the layperson who is a pro se litigant, "the city is the city”.
While this court is not empowered to dispense with this municipal corporate charade, it must be considered in arriving at "substantial justice”. Municipalities and municipal corporations are creatures of the Legislature created to serve the public, not to mislead it.[2]
While General Municipal Law §’ 50-e does not impose a burden upon the Comptroller to correct the plaintiff’s improper procedural filing, a municipality cannot use its agents to lull the public into a false sense of security by supplying a form and affirmatively assuring the plaintiff that his claim is being "investigated” while strategically waiting for the brief Statute of Limitations to expire.
*161 The Comptroller is aware that in addition to the many City agencies[3] for whom it accepts legal process, the City of New York and the Legislature have created numerous agencies for which the Comptroller does not accept service on behalf of the City[4] and amongst them is the New York City Health and Hospitals Corporation.
In the case at bar, the notice of claim clearly states that the claimant was involved with a City ambulance. Even the most casual "investigation” would conclude that the proper party was the HHC which operates the City’s ambulances. The Comptroller should have responded to the claim filed not with a boiler plate acknowledgment advising that it was "investigating” the claim, but with a meaningful informative response such that they are not the agent for service for the HHC.
In Travelers Indem. Co. v City of Yonkers (142 Misc 2d 334, 335 [1988]) the City Court of Yonkers held that the City was estopped from pleading General Municipal Law § 50-e after it returned a notice of claim, but failed to specify the nature of the alleged defect. The court wrote, "This is precisely what the requirement of section 50-e (3) (c) was intended for, that is to notify an offending party of the exact nature of any defect in a notice of claim in order to allow the party to take appropriate action to cure the defect in a timely manner” (emphasis added).[5]
*162 While municipal corporations are frequently adversaries to claimants in the legal process, they were created to serve the public not to mislead the public. When this suit was ultimately, yet timely, commenced, the HHC should not expect to have enjoyed the repeated adjournments of this trial until the defendant’s time for serving a notice of motion for leave to serve a late notice of claim had expired and then be afforded leave to move for dismissal. (See, Caro v City of New York, 31 Misc 2d 834 [Sup Ct, NY County 1961].) Something more than the mere retention of a late notice is required to prevent a town from pleading the defense of untimely service (Miller v County of Putnam, 32 AD2d 827 [2d Dept 1969], affd 25 NY2d 664).
In the instant case, but for the notice of claim process, the plaintiff would have undoubtedly sued immediately, perhaps wrongfully, the Comptroller of the City of New York. However, in the Small Claims Court his case should have been heard rather quickly when the plaintiff may have, for the first time, learned that he sued the wrong party. Thus, he would have come to learn, perhaps through a dismissal, who the proper party was and then timely sued. By the Comptroller alleging they were "investigating” this small claims action, they passively delayed the filing of the lawsuit. Yet, somehow between the time this claimant served his notice of claim upon the Comptroller and his filing of the lawsuit he came to learn that the proper party was the HHC who he ultimately sued.
Had the defendant not actively delayed the trial of this action and/or given the plaintiff any indication of the difficulty of his notice of claim, appropriate motions could have been made to permit the late filing of the claim. (See, Matter of Farrell v City of New York, 191 AD2d 698 [2d Dept 1993].)
Accordingly, the defendant is estopped from arguing that it did not receive proper notice of this claim.
The motion to dismiss is denied.
[Portions of opinion omitted for purposes of publication.]

. CCA 1804 states in part: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence, except statutory provision relating to privileged communications and personal transactions or communications with a decedent or mentally ill person” (emphasis added). (Ibid.) The provision of this act and the rules of this court, together with the statutes and rules governing Supreme Court practice, shall apply to claims brought under this article so far as the same can be made applicable and are not in conflict with the provisions of this article; in case of conflict, the provisions of this article shall control. (Ibid.)

. The highest court in this State has long recognized that the doctrine of estoppel should be operative in the area of notice of claims. (See, Bender v New York City Health & Hasps. Corp., 38 NY2d 662, 668 [1976].) "We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised.” (Supra.)

. A partial listing would include the: (1) Office of the Comptroller, (2) Office of the Mayor, (3) fire department, (4) police department, (5) Department of Sanitation, (6) Department of Buildings, (7) Department of Correction, (8) Department of Environment Protection (9) Department of Finance, (10) Department of General Services, (11) Department of Housing Preservation and Development, (12) Department of Parks and Recreation, (13) Department of Social Services/Human Resources Administration, (14) Department of Transportation (ferries, highways, parking violations bureau), (15) New York City community colleges.

. City agencies for which the Comptroller does not accept service: (1) New York City Board of Education, (2) New York City Health and Hospitals Corporation, (3) MABSTOA or New York City Transit Authority, (4) SIR-TOA, (5) New York City Housing Authority (projects, housing police), (6) Triborough Bridge and Tunnel Authority, (7) State and Federal agencies. (See generally, Miller, Tort Actions Under the General Municipal Law in N.Y.C. Suing Municipal Corporations [1994] [covering procedural requirements for initiating tort actions under the General Municipal Law].)

. (Supra.) "The failure of the city to comply with the requirements of section 50-e (3) (c) estops it from asserting defective service of the notice of claim as a basis for the dismissal of the lawsuit. Since defendant failed to specify the alleged defect in the manner of service, the service is deemed valid in accordance with section 50-e (3) (c)”. (Supra, at 335.)