OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
*498 This matter was transferred to this court by order dated October 8, 1996 of the Supreme Court, Hon. Angelo J. Ingrassia presiding. The transfer was necessitated by virtue of the disqualification of the Judges of the Town of Orangetown. The plaintiffs had commenced this matter on August 13, 1996, by the filing and service of a notice of small claim against the Town of Orangetown. The small claims summons seeks $3,000 based upon "the following claim: repair of sewer line under public road”. (See, summons.)
The defendant, Town of Orangetown, has moved by notice of motion to dismiss the plaintiffs’ claim, pursuant to sections 50-e and 50-i of the General Municipal Law, claiming that the plaintiffs had failed to satisfy a condition precedent to the commencement of their claim, specifically failing to comply with the cited statutes in filing and serving a sufficient notice of claim against the municipality, as is required. The plaintiffs forwarded a letter in response to the defendant’s motion, dated December 23, 1996, setting forth some exhibits, as well as a newspaper article. The defendant has attached exhibits to its motion to dismiss, consisting of a notice of claim, exhibit A, letter of September 30, 1996 from the Town Attorney to plaintiffs, exhibit B, addendum to notice of claim, exhibit C and the small claims summons, exhibit D.
After having received the small claims summons on or about August 13, 1996, and thereafter having received the notice of claim on September 30, 1996, the defendant responded by letter dated September 30, 1996 (see, exhibit B of defendant’s motion), which reads in part as follows:
"Your claim against the Town of Orangetown has been received * * *
"Please be advised that the claim did not indicate the time when, the place where, and the manner in which the claim arose. The only attachement to your Notice of Claim was a bill dated 7/25/95 from DAC Excavating Co Inc. in the amount of $3,800.
"Your , claim is currently under investigation. Please be aware of the fact that we receive many claims each year. Once we have completed our investigation, we may be in a position to make a settlement offer. It is also possible, however, that we will not. If we are unable for any reason to settle or resolve your claim against the Town of Orangetown, you may file an appropriate law suit within the time limits prescribed by law.
"Please note that property damage claims can take several months to investigate because, as part of our investigation, we *499 must obtain reports from other Town departments, and/or agencies involved.” (See, exhibit B attached to defendant’s motion.)
Exhibit C received by the Town on October 3,1996 is a document entitled "Addendum to Tort Claim — Ann & William Schneider”. The addendum sets forth the time that the plaintiffs’ claim arose, the place where it occurred and the manner in which they were damaged.
The Town, in essence, claims the following:
(1) That the notice of claim was served late;
(2) That the notice of claim was defective and deficient in failing to state a time, place and manner of the occurrence of the alleged tortious act;
(3) Should this court consider the filing of the small claims summons to be sufficient notice under the General Municipal Law, the notice of small claim itself is deficient in giving the appropriate notice pursuant to the General Municipal Law in that it likewise failed to set forth a time, place and manner as required by the above-cited sections of the General Municipal Law.
The plaintiffs’ reply letter received by this court on December 24, 1996 basically states that as nonlawyer pro se litigants, they were unaware of the requirements of the General Municipal Law, and, while they do not specifically refer to the UJCA, they rely upon UJCA 1804 which in part reads as follows:
" § 1804. Informal and simplified procedure on small claims
"The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”. (UJCA 1804 [emphasis supplied].)
As noted, the plaintiffs do not cite UJCA 1804, but clearly in sum and substance argue for its application to the case at bar.
Generally, section 50-e of the General Municipal Law requires that a plaintiff serve a notice of claim upon a public corporation within 90 days after the claim arises as a condition precedent to commencing an action against the municipality. Section 50-e also provides for information which is required to be given to the municipality in order that it may investigate the claim.
There appears to be a divergence of opinion as to whether the Justice Court may maintain jurisdiction in a small claims proceeding when the plaintiff has failed to serve a proper no *500 tice of claim as required by section 50-e of the General Municipal Law. Cases, some of which were cited in the defendant’s motion, hold that compliance with section 50-e is necessary in order for the plaintiff to proceed in a Small Claims Court in an action against a public corporation. (See, Rechais v Liberty Lines Buses, NYLJ, Mar. 18, 1991, at 30, col 5; see also, Brown-stein v County of Westchester, 51 AD2d 792; Zipser v Pound, 75 Misc 2d 489.)
In Rechais (supra), the court determined the salient issue to be "whether or not this notice of claim requirement must be strictly enforced in the Small Claims Court, where the court is bound by a statute that requires it to do 'substantial justice between the parties.’ ” The Judge in Rechais went on to determine that "the majority of cases demonstrate that service of a notice of claim is a condition precedent to the filing of a lawsuit in small claims actions”. (Rechais v Liberty Lines Buses, supra.) Specifically, the court’s decision in Rechais pointed out that the " 'service of a legally sufficient notice of claim is deemed an indispensible element of the substative [sic] cause of action’ ”. (Rechais v Liberty Lines Buses, supra [citations omitted].)
Other cases have held that as the primary obligation of the Small Claims Court is to render substantial justice, so long as the court adheres to substantive law, a late filing may be permitted or waived altogether. (Johnson v Timmerman, 92 Misc 2d 626 [Jefferson County Ct 1978].) In Resnick v New York City Health & Hosps. Corp. (161 Misc 2d 156) the Civil Court of the City of New York held that section 50-e of the General Municipal Law should not be strictly applied to suits brought by plaintiffs appearing in the Small Claims Part of the court. In Resnick, a case involving an automobile accident between the plaintiff’s vehicle and the defendant’s ambulance, the plaintiff served a notice of claim on the wrong corporation. (Resnick v New York City Health & Hosps. Corp., supra, at 157.) The Judge in Resnick observed that "[n]umerous courts have found this notice of claim statute to be onerous and have been reluctant to strictly enforce its harsh penalty which can produce unfair results such as the dismissal of the claim. (Resnick v New York City Health & Hosps. Corp., supra, at 158. )
The court in Resnick (supra) went on to note that the basic purpose of CCA 1804 is to "open the courts to persons seeking legal recourse without the prohibitive requirement of legal representation in matters having small monetary value * * * *501 It is difficult for the average person to obtain legal counsel to represent him/her at affordable cost-effective fees for such claims. Since most litigants in this court are not familiar with the law, the Legislature has provided that this court render substantial justice based upon the same philosophy which excludes the Small Claims Part from the imposition of procedural rules of practice”. (Resnick v New York City Health & Hosps. Corp., supra, at 158.) The Judge in Resnick held that section 50-e of the General Municipal Law was "procedural” in nature and determined that since it is clear that procedural requirements such as the notice of claim provisions of section 50-e need not be strictly applied in a Small Claims Court, the defendant’s motion to dismiss the claim for failure to properly serve a notice of claim should be denied.
In another recent case (Lurie v New York City Off. of Comptroller, 154 Misc 2d 950 [1992]), the Civil Court of the City of New York held that the requirement of serving a notice of claim is a matter of "substantive law” and not merely "procedural”, and therefore "cannot be waived under the relaxed procedural rules for the Small Claims Part, pursuant to CCA 1802 and 1804”. (Lurie v New York City Off. of Comptroller, at 953 [the sections are the same under the UJCA].) However, the Judge in Lurie concluded that the General Municipal Law should not apply to the filing of a late notice in the Small Claims Part, and held as follows: "Contrary to the substantive requirement that there must be service of a notice of claim, a motion for permission to serve a late notice is merely a procedural requirement * * * Requiring that a claimant in the Small Claims Part go to Supreme Court or County Court to obtain leave to serve a late notice of claim would fly in the face of the goals of the establishment of the Small Claims Part, given the considerably greater expense, more complicated procedure and longer time to process actions in the Supreme and County Courts. Thus, the Small Claims Part of this court has the power to entertain claimant’s motion to serve a late notice of claim.” (Lurie v New York City Off. of Comptroller, at 953-954.)
It is clear that the plaintiffs’ first filing, that of the small claims notice dated August 13, 1996, does not comply with section 50-e of the General Municipal Law. It is further clear that the notice of claim is insufficient under the same statute as not having been filed timely and not specifying the plaintiffs’ claim. It is likewise clear that the defendant, as evidenced by its letter of September 30, 1996 to plaintiffs, accepted the late filing *502 without objection, commenced its investigation, requested more information, and received that information three days after its September 30th letter.
It is likewise clear that this court is constrained to do substantial justice between the parties, without being "bound by statutory provisions or rules of practice, procedure, pleading or evidence”. (UJCA 1804.) In fact, one commentator has noted the following: "The court is directed to do 'substantial justice . . . according to the rules of substantive law’. This is a fluid criterion, and sometimes substantial justice is found by turning the judicial face slightly away from the technical rule of substantive law.” (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UJCA 1804, at 420-421 [emphasis supplied].)
UJCA 1804 reads that the court must do "substantial justice between the parties”. This does not mean substantial justice for the plaintiff or defendant alone, but substantial justice between, that is, for both of the parties. In doing substantial justice, this court believes that it should in fact turn its face slightly away from the substantive requirements of the law regarding the strict requirement for the filing of a notice of claim within 90 days as the statute requires, and instead look to the essence of the statute itself, the requirement of providing the municipality information upon which it may investigate a claim of a party.
This court is of the opinion that the plaintiffs’ small claims summons would constitute the functional equivalent of a notice of claim pursuant to section 50-e of the General Municipal Law, if the information required by that particular section was included upon the small claims summons, which in the case at bar was not. It was not until October 3, 1996 that the original small claims summons, together with the notice of claim of September 30, 1996 and the addendum gave the Town proper notice pursuant to section 50-e of the General Municipal Law.
The key issue in this regard is the date upon which the claim arose. According to the information which may be gleaned from the addendum, the plaintiffs’ damages occurred on April 14th and May 20th. Measuring the 90 days from May 20th, the last day for service would be August 19th of 1996. However, the plaintiffs also set forth in their addendum that construction permits were applied for and issued on or about July 25, 1996.
A late notice of claim may be filed with leave of the court upon consideration of "whether the plaintiff has demonstrated *503 a reasonable excuse for the delay, whether the entity to be served acquired actual knowledge of the essential facts within 90 days or within a reasonable time thereafter, and whether the delay would substantially prejudice the entity in maintaining its defense on the merits”. (Biss v City of New York, NYLJ, Jan. 2, 1997, at 30, cols 1-2 [Sup Ct, Queens County]; General Municipal Law § 50-e [5]; Matter of Sverdlin v City of New York, 229 AD2d 544; Matter of Calloway v City of N. Y. Hous. Auth., 219 AD2d 711; Matter of O’Mara v Town of Cortlandt, 210 AD2d 337.) In Biss, the court noted that the defendant had " 'actual knowledge of the facts constituting the claim.’ ” (Biss v City of New York, supra, at 30, col 2 [citations omitted].) This court also notes that the defendant in the case at bar does not claim any prejudice. (See, e.g., Matter of Morris v County of Suffolk, 88 AD2d 956, affd 58 NY2d 767.)
The Town admits having notice by virtue of the notice of claim, and presumably the small claims summons, and further admits that it was "investigating” the claim. In turning its face slightly from the strict requirements of substantive law, and instead looking to the essence of the statute, this court believes that its decision whether or not to dismiss the plaintiffs’ claim should be based upon whether or not the Town was possessed of sufficient information in order to investigate and attempt to settle the claimed tortious act within the required 90-day period.
Therefore, simultaneously with the trial (if needed) in this matter, this court shall conduct a hearing to determine exactly when the Town had all of the information necessary to fully investigate the plaintiffs’ claim, including, but not limited thereto, the following:
(1) written or verbal information provided to the Town;
(2) contents of the application filed with the Town to obtain the permits necessary to repair the sewer line;
(3) any and all communications, verbal or written, between the plaintiffs and the Town providing the Town with information of any nature concerning the alleged tortious act;
(4) any on-site inspections made by the Town and the dates and extent thereof. The parties are ordered to search for and produce all such information at the hearing in this matter.
While this court recognizes that the plaintiffs are nonlawyers, the plaintiffs nevertheless shall be required to amass all such evidence in their possession in its proper form for *504 introduction at the time of the hearing. The failure to do so may very well be fatal to the plaintiffs’ case and the plaintiff are forewarned accordingly.
Defendant’s motion is denied pending a hearing in this matter.