*561 OPINION OF THE COURT
Per Curiam.
Order dated September 16, 1996 affirmed, without costs.
Pursuant to the terms of General Municipal Law § 50-e (1) (a), the plaintiff was required to serve a notice of claim within 90 days of the occurrence because his small claims action— seeking damages against various employees of the Triborough Bridge and Tunnel Authority for "harassment” — was one "founded upon tort” and because service of a notice of claim was a "condition precedent to the commencement of [his] action” (General Municipal Law § 50-e [1] [a]; see, Public Authorities Law § 569-a). In view of the plaintiff’s conceded failure to timely file a notice of claim or to move for leave to serve a late notice within the applicable one-year-and-90-day limitations period (see, General Municipal Law § 50-e [5]), Civil Court properly dismissed the action on defendant’s motion (see, Pierson v City of New York, 56 NY2d 950; Guillan v Triborough Bridge & Tunnel Auth., 202 AD2d 472, lv denied 84 NY2d 809).
The mandatory provisions of General Municipal Law § 50-e may not be dispensed with here merely because plaintiff chose to pursue his cause of action in the Small Claims Part of the Civil Court. The notice of claim requirement embodied in section 50-e is not procedural in nature but "an indispensable element of the substantive cause of action” (Jackson v Police Dept., 119 AD2d 551, 552; Mojica v New York City Tr. Auth., 117 AD2d 722, 724). The "informal and simplified” procedural rules generally applied in small claims practice (see, CCA 1804) cannot be stretched beyond their breaking point to excuse a fatal deficiency in a plaintiff’s substantive case. To conclude otherwise, and hold that enforcement of the statutory notice of claim requirement is dependent upon the particular forum selected for litigation, would necessarily undermine the clear purpose of section 50-e "to establish a uniform and equitable procedural system for instituting tort claims against public corporations” (Adkins v City of New York, 43 NY2d 346, 350; emphasis supplied). Cases such as Resnick v New York City Health & Hosps. Corp. (161 Misc 2d 156) and Davis v City of New York (148 Misc 2d 422), which appear to achieve such an anomalous and legislatively unintended result, should not be followed.
Ostrau, P. J., Freedman and Davis, JJ., concur.