OPINION OF THE COURT
John G. Pericak, J.
*664 This matter involves an action by the plaintiff, Daniel Mc-Gillicuddy, in small claims, against the defendant, Rush Henrietta Central School District, for a claim of $3,000 for unpaid wages. At issue is whether or not Education Law § 3813, requiring a notice of claim to be filed within three months of the accrual of a claim against any school district, applies in a small claims matter and if so, what would qualify as proper notice under the statute.
Plaintiff was hired by the defendant school district as a per diem substitute during the first semester of the 1996-1997 school year. According to the terms of the collective bargaining agreement, a per diem substitute who has been assigned to the same replacement position for 20 consecutive school days is to be paid the difference between the prorated appropriate annual salary and the per diem rate paid retroactive to the first day of such consecutive assignment until the date on which the consecutive service ends. Plaintiff served more than 20 consecutive days in the same substitute position. After the 20th day he was notified by the district of his salary level and his continuing employment. Plaintiff complains that the salary level assigned to him was lower than his salary level at the time of his retirement. The collective bargaining agreement does not specify at what level retired substitute teachers shall be paid and testimony from the defendant’s witness, the director of human resources for the district, indicated that it had been her course of practice to use her own formula when such a situation existed.
Plaintiff filed a grievance on an approved grievance form of the Rush Henrietta Central School District on December 2, 1996. The school district dismissed that grievance as a nuisance and plaintiff filed this action on March 3, 1997. At the hearing, the school district made an oral motion to dismiss the action citing defendant’s failure to file a timely notice of claim as required by the Education Law.
Education Law § 3813 (1) states in pertinent part: "[n]o action or special proceeding, for any cause whatever * * * involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim * * * [i]n the case of an action or special proceeding for monies due arising out of *665 contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied.”
The Uniform Justice Court Act provides in pertinent part that "small claims” is defined as any cause of action for money only not in excess of $3,000 exclusive of interest and costs. (UJCA 1801.) Further, it should be noted that the first sentence of Education Law § 3813 (1) provides that "[n]o action or special proceeding, for any cause whatever * * * shall be [brought] against any school district”. (Emphasis added.) Accordingly, it would appear that the language is meant to be all inclusive as long as the enforcement of a private right is involved. (Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney, 89 NY2d 395 [1996].) However, before applying section 3813 to a small claims proceeding, care must be taken to consider the legislative intent of small claims to "do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”. (UJCA 1804.) Thus, this court must balance the right of the school district to have prompt notice of claims, so that investigation may be had before it is too late for an investigation to be efficient (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283 [1975]), against a citizen’s right to seek justice for an illegal wrong by speedy and inexpensive procedure in a forum of relaxed technical rules.
While it appears that no court in this State has addressed the notice of claim issue under the Education Law as applied to the small claims actions, other courts have spoken on the notice of claim requirements under section 50-e of the General Municipal Law when a Small Claims Court is the forum for the dispute. Some courts have held that a notice of claim is necessary in a small claims proceeding. (See, Zipser v Pound, 75 Misc 2d 489 [App Term, 2d Dept 1972]; Brownstein v County of Westchester, 51 AD2d 792 [2d Dept 1976].) However, other courts have held that the requirements of section 50-e of the General Municipal Law regarding notice of claim are procedural in nature as distinguished from the basic substantive rights of the parties as to whether or not a cause of action exists. (Johnson v Timmerman, 92 Misc 2d 626 [Jefferson County Ct 1978]; Davis v City of New York, 148 Misc 2d 422 [Civ Ct, NY County 1990].) In Resnick v New York City Health & Hosps. Corp. (161 Misc 2d 156, 159 [Civ Ct, Richmond County 1994]), the court noted: "[i]t is clear that procedural requirements *666 such as the notice of claim provisions of General Municipal Law § 50-e need not be strictly applied in the Small Claims Court.”
The courts in Resnick (supra), Johnson (supra), and Davis (supra) appear to conclude that since General Municipal Law § 50-e is a procedural statute and since UJCA 1804 provides that the court "shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence,” ordinary procedural rules would be inapplicable in a small claims action. (Emphasis supplied.)
It has long been held that the notice of claim requirement of section 3813 of the Education Law is a condition precedent to bringing an action against a school district or a board of education and failure to present a claim within the statutory time limitation or to notify the correct party is a fatal defect. (Parochial Bus Sys. v Board of Educ., 60 NY2d 539 [1983]; Matter of McClellan v Alexander Cent. School Bd. of Educ., 201 AD2d 898 [4th Dept 1994].) Failure to file a timely notice of claim has been held a jurisdictional defect and precludes any claims associated therewith. (See, Peek v Williamsville Bd. of Educ., 221 AD2d 919 [4th Dept 1995].)
In comparing section 3813 of the Education Law to General Municipal Law § 50-e, it would seem that the former encompasses a broader and a more inclusive type of action or proceeding. (See, Education Law § 3813 [1] ["(n)o action or special proceeding, for any cause whatever” (emphasis added)].) The Court of Appeals has been very outspoken in calling section 3813 of the Education Law "a condition precedent to bringing an action against a school district or a board of education”. (Parochial Bus Sys. v Board of Educ., supra, at 547; Matter of Board of Educ. [Wager Constr. Corp.], supra, at 289.)
With such strong language in the statute and clear direction provided by the Court of Appeals in interpretation of the same, it is this court’s conclusion that compliance with section 3813 of the Education Law in a small claims proceeding is mandatory. To hold otherwise would be to stretch beyond the breaking point " 'informal and simplified’ ” procedural rules generally applied in small claims practice. (See, Ragosto v Triborough Bridge & Tunnel Auth., 173 Misc 2d 560, 561 [App Term, 2d Dept 1997] [the Appellate Term of the Second Department holds that the notice of claim provisions in section 50-e of the General Municipal Law would apply in a small claims action].) Further the Court of Appeals decision to apply section 3813 to arbitrations would give further weight in deciding to *667 apply those provisions to small claims action. (See, Matter of Board of Educ. [Wager Constr. Corp.], supra.)
In holding that the notice of claim provisions of Education Law § 3813 apply to small claims matters, this court must now decide what type of notice is sufficient to comply with the statute. Notably, Education Law § 3813 is not as detailed as General Municipal Law § 50-e in describing the requirements of the claim. Plaintiff has argued that in this matter the school board had sufficient notice of his claim by virtue of his filing the December 2, 1996 grievance. In order for a document to be a valid substitute for a notice of claim, " 'certain elements must be present including the "nature of the claim, the time when, the place where and the manner in which the claim arose * * * and, where an action in contract is involved, the monetary demand and some explanation of its computation” ’ ”. (Matter of McClellan v Alexander Cent. School Bd. of Educ., supra, at 899.) "[T]he critical element in a verified claim in a contract action is the mqnetary demand and some suggestion at least on how the sum is arrived at or the damages incurred”. (P. J. Panzeca, Inc. v Board of Educ., 29 NY2d 508, 509 [1971]; see, Hygrade Insulators v Board of Educ., 207 AD2d 430 [2d Dept 1994] [invoice for services provided held timely notice of claim]; Matter of Board of Educ. v Ambach, 81 AD2d 691 [3d Dept 1981] [CPLR article 78 petition deemed valid as notice of claim]; Matter of Feinberg v Board of Educ., 78 AD2d 889 [2d Dept 1980] [verified cross petition constituted notice of claim]; cf., F & G Heating Co. v Board of Educ., 103 AD2d 791 [2d Dept 1984] [letters and bills could not be substituted for notice of claim absent monetary demand and some explanation of its computation].)
It is this court’s holding that the plaintiff has conformed with the notice of claim requirement and Education Law § 3813 by virtue of his filing of the grievance on December 2, 1996. The court finds that the grievance contained an accurate description of the claim and explanation of the plaintiff’s demands so as to qualify within the meaning of the statute and the relevant case law.
Finally, turning to the merits of this action and the testimony of both of the parties and the documents reviewed, it is apparent that the plaintiff took the substitute teaching position without a clear and accurate understanding as to the exact salary rate that he would receive at the end of the 20-day waiting period. A letter to the plaintiff from the district’s human re *668 sources office of October 4, 1996 does not convince this court that it was the intention of the parties to restore the plaintiff to his preretirement salary structure. In reviewing the collective bargaining agreement at page 43, section 4, there is no contractual obligation by the school district to place a retired teacher acting as a substitute at the actual scale he was receiving at the time of his retirement. Even if it had, there is some question as to whether or not the collective bargaining agreement would apply to a retired employee. The defendant’s witness also testified that it was her practice as director of human resources when a substitute teacher was a retired teacher to provide that teacher with a maximum credit of 10 years of experience in determining the retired teacher’s substitute teaching salary. She also testified that the waiting period of 20 days before the plaintiff’s salary was set was due to the predictability of how long a substitute teacher was needed by the school district. Therefore, as no proof has been submitted that the school district was bound either contractually or verbally to pay the defendant at his preretirement salary scale, this court finds accordingly for the defendant.