OPINION OF THE COURT
Adam Seiden, J.
The plaintiff seeks to recover monies in the amount of $1,301.25 paid as tuition for the fall 1997 semester at West- *491 Chester County Community College. The plaintiff asserts that she is due a full refund of the semester’s tuition because she withdrew from the College upon being forced to drop a math class at their direction after the semester had already begun.
Defendant moves to dismiss the complaint on the ground that the plaintiff failed to file a notice of claim as required under General Municipal Law § 50-e and County Law § 52, and on the ground that she never filed a formal written request for a refund within the allotted time period for giving such refunds pursuant to the written policy of the College. The plaintiff has submitted no papers in opposition to this motion.
Since the defendant is a county college, the provisions of the County Law, as well as the General Municipal Law, are applicable. County Law § 52 (1) states: “Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law.” (Emphasis added.)
The court finds that pursuant to County Law § 52, the plaintiff is required to file and serve a notice of claim. That statute, as noted above, contains broad language requiring the filing of a notice of claim where there is any claim for damages arising in law or equity (see, Boyle v Kelley, 42 NY2d 88 [1977]). For example, courts have required that a notice of claim be filed, pursuant to the County Law, where a county was alleged to have wrongfully retained monies seized from an accused after the disposition of a criminal action (Matter of Ganci v Tuthill, 216 AD2d 391 [2d Dept 1995]; Boyle v Kelley, supra). The plaintiff’s claim in this action similarly involves the wrongful retention of monies by a county agent. The requirement of filing a notice of claim may not be dispensed with simply because the matter is brought in the Small Claims Part of the court (Ragosto v Triborough Bridge & Tunnel Auth., 173 Misc 2d 560 [App Term, 1st Dept]).
Section 50-e of the General Municipal Law governs the procedural requirements for the filing of a notice of claim, where, as here, such notice is to be filed as a condition precedent to the commencement of an action against a municipality (General Municipal Law § 50-e [1] [a]). That statute requires *492 that the notice be filed within 90 days after the claim arises (General Municipal Law § 50-e [1] [a]). Since over 90 days have elapsed from the commencement of this action, and a notice of claim was never filed, the defendant’s motion to dismiss this action is therefore granted. To the extent that the plaintiffs claim seeks injunctive relief based upon her request for a revision of her grade point average, this court does not have jurisdiction to grant this type of injunctive relief (UCCA 209). That claim is dismissed without prejudice to refile it in another forum.