OPINION OF THE COURT
Thomas Rainbow Morse, J.
*225 This case involves a small claims action against a corporate subsidiary of a public authority. The de novo proceeding contains both procedural and factual issues which need resolution. The pro se plaintiff brought this action seeking a judgment for damage to his 2002 Dodge Neon in the amount of $1,401.40 as a result of a motor vehicle accident involving a bus owned and operated by the Regional Transit Service, Inc. (RTS) which is a subsidiary of the Rochester-Genesee Regional Transportation Authority (Authority). The defendant filed a motion alleging that the claim is barred by the plaintiff’s failure to abide by statutory settlement provisions. Following denial of the defendant’s motion to dismiss, a small claims hearing was held on the substantive issue presented. For the reasons that follow, the court finds that the plaintiff is entitled to recover the cost of repairing his vehicle.[1]
The defendant alleges a failure “to state a cause of action.”[2] The papers, however, elsewhere acknowledge that the complaint “asserts a single cause of action sounding in negligence.” The defendant argues the complaint must be dismissed because it does not allege that RTS refused to settle the case more than 30 days before suit was filed. This allegation is to be distinguished from “notice of claim” requirements which do not apply to corporate subsidiaries of public authorities like RTS.[3] At issue *226 here is whether the remaining procedural preference for settlement discussions bars this small claims action.
Relevance of the Statutory Settlement Provisions[4]
The defendant alleges that the court must dismiss this action because the court generated small claims complaint did not comply with statutory pleading provisions regarding refusal by RTS to settle the claim. As it may apply in this case, that section provides:
“As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to . . . personal property or for destruction thereof. . . the complaint shall contain an allegation that at least thirty days have elapsed since the demand, [or] claim . . . upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and the authority has neglected or refused to make an adjustment or payment thereof.”[5]
As noted earlier, however, the State is not a party to this action. Therefore, this court finds the purpose of this section is to provide a settlement procedure in suits against the Authority rather than defining subject matter jurisdiction for the courts. *227 Given the cost in time and money of suing in Supreme Court, it makes sense that such a procedural rule would apply in that court. It would appear, however, not to be consistent with “substantial justice” which is the province of courts in small claims matters. As the Fourth Department observed, this statute was not intended to be used “as a sword rather than a shield or as a trap to catch the unwary or ignorant.”[6]
In this case, it could be argued that the elderly defendant was snared by a procedure which appears to be antithetical to small claims proceedings designed to provide the mostly pro se litigants with a user-friendly forum to have minor disputes for money damages considered by courts. Since attorneys fees in such cases could easily exceed the statutorily capped principal recovery amount of $5,000, many parties without legal training represent themselves in small claims court. The conclusion that the settlement procedure should not apply in this case can be drawn from several arguments.
The first is statutory and recognizes the legislative determination that proceedings in small claims “shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence.”[7] In fact, the procedural rules found in supreme court actions apply in small claims only “so far as the same can be made applicable and are not in conflict with the provisions of’ small claims acts.[8]
Secondly, the computer created complaint used in this particular case was not designed by the plaintiff. Rather, the clerk’s office provided him with a fill in the blank form to complete, which court personnel then used to draft the complaint.[9] There is no space on either form for information regarding settlement. It would not be in the interests of justice to require strict compliance with Public Authorities Law § 1299-rr in a small claims *228 case when the plaintiff has followed the very procedure this court required him to follow.
Lastly, since the elderly defendant is representing himself and this court is charged with the responsibility to achieve “substantial justice,” it could be argued that “the pleadings are to be liberally construed and interpreted in such a manner as to raise the strongest arguments they suggest.”[10] Applying that principle to the specific facts of this case, it is clear RTS had sufficient notice of the facts which gave rise to the claim and then notice of the claim itself.
RTS officials responded to the scene of the accident within hours after the accident in late October, took pictures and created an internal paper trail. On December 27, 2007, once RTS officials received notice of the claim that an RTS bus had damaged the plaintiffs car less than two months earlier, they had the opportunity to treat the complaint as a Public Authorities Law § 1299-rr settlement offer. They chose not to do so but proffered the procedural defense raised here before the arbitrator on January 30, 2008. Once the finding against RTS was mailed the following day, officials had a chance to discuss settlement with the plaintiff. Instead they chose to request a trial de novo on February 13, 2008 and raise their alleged jurisdictional defense before this court. Thus, as of March 7, 2008, when this matter first appeared before this court, RTS had 41 days more than the statute provides to attempt to settle this matter.
To hold that Public Authorities Law § 1299-rr bars recovery under the particular facts of this case would be a “substantial injustice.” For all of the above reasons, this court finds that the defense raised by the defendant does not apply in this case.
*229 The Substantive Issue — Automobile Accident Liability
The merits of this case are much easier to resolve than its procedural aspects. It is clear from the credible testimony that the plaintiff had stopped his vehicle before turning right into an adjoining driveway from the driving lane closest to that side of the road. The RTS bus approached his vehicle from the rear in the same lane. Instead of stopping behind the defendant’s car, the bus driver drove to the right of the solid white pavement markings which separated the driving lane from the road’s shoulder. The plaintiff turned into the side of the bus which had suddenly appeared on his right. Fortunately for everyone, he did not turn a split second earlier. Had he done so this accident could have resulted in serious physical injury or death. Had the bus driver exercised what the court finds would have been appropriate judgment and stopped in traffic behind the plaintiffs vehicle,[11] he may have run late on his route but wouldn’t have run the risk of such a tragic result. With this perspective, $1,401.40 is a small price to pay compared to the loss which could have been suffered and for the lesson undoubtedly learned by both drivers.[12]
Conclusion
Because the court has made a fact based, case-specific ruling in this case, one final point bears mention. Given the large number of conflicting decisions regarding whether notice of claim applies in small claims cases, it is respectfully suggested that the legislature consider whether such statutory provisions and similar settlement statutes should apply in that forum. If they decide those rules should not, then the legislature should make that statutorily clear. If they determine that such rules should apply, then the legislature should specifically address the *230 issue by amending the various local court acts to outline a notice of claim and settlement procedure specifically for and consistent with the legislative mandate that small claims courts should seek to achieve substantial justice.
Accordingly, consistent with the court’s responsibility “to do substantial justice between the parties according to the rules of substantive law”[13] and consonant with its authority to “condition the entry of judgment upon such terms as the court shall deem proper,”[14] it is hereby held that the plaintiff has shown entitlement to a judgment for damage to his 2002 Dodge Neon which collided with a bus driven by an employee of the defendant. Therefore, it is hereby ordered that the plaintiff is entitled to a judgment against the defendant in the amount of $1,401.40 together with the costs of this action, and it is further ordered that this court’s judgment order is stayed until July 1, 2008, to allow the defendant time to pay the amount ordered without a judgment being entered, and it is further ordered that, if payment is not made by July 1, 2008, the judgment shall be entered in favor of the plaintiff without further appearance before the court after receipt of plaintiffs written request for entry of a judgment accompanied by a notarized affidavit indicating that no appeal of this order has been taken by either party and that payment was not made by the defendant as ordered.

. Issues of sovereign immunity are not relevant to this case even though section 1299-rr of the Public Authorities Law sets certain conditions on “the consent of the state to . . . suits against the authority.” Public Authorities Law § 1299-rr (1). The court finds that this language refers to legislatively imposed procedural rules involving a separate statutorily created legal entity, not to the State of New York. Since neither New York State nor one of its political subdivisions is a party to this action, this case is not about sovereign immunity. Compare Petty v Tennessee-Missouri Bridge Comm’n, 359 US 275, 276 (1959), referring to Chisholm v State of Georgia, 2 Dallas (2 US) 419 (1793) (the Eleventh Amendment incorporates sovereign immunity in the Bill of Rights), with Town of Amherst v Niagara Frontier Port Auth., 19 AD2d 107, 111 (4th Dept 1963); see also Saranac Land & Timber Co. v Roberts, 195 NY 303, 320-321 (1909) (only since 1929 have New York citizens been able to sue the State); United States v Sherwood, 312 US 584, 586 (1941) (without such permission, courts lack jurisdiction to hear the suit); CPLR 3211 (a) (2) (motion to dismiss for lack of subject matter jurisdiction).

. CPLR 3211 (a) (7).

. Public Authorities Law § 1299-rr (6); compare Rochester-Genesee Regional Transp. Dist., Inc. v Trans World Airlines, 86 Misc 2d 1011 (Sup Ct, Monroe County 1976) (no notice required in equitable actions), with Cucinotta v Hanulak, 231 AD2d 904, 905 (4th Dept 1996) (small claims court has no equity jurisdiction). Cases involving notice of claim may perhaps provide persuasive authority but are not binding. As one court recently noted, “[t]here appears to be a divergence of opinion as to whether [a local court] may *226 maintain jurisdiction in a small claims proceeding when the plaintiff has failed to serve a proper notice of claim.” Schneider v Town of Orangetown, 171 Misc 2d 497, 499-500 (Clarkstown Just Ct 1997, Alfieri, J.) (citation omitted). In contrast, the Second Department has noted that “since the plaintiffs notice of claim did not comply with the controlling statutes, the award of the arbitrator in the Small Claims Part in favor of plaintiff was based upon a mistake of law.” Brownstein v County of Westchester, Dept. of Parks, Recreation & Conservation, 51 AD2d 792 (2d Dept 1976) (citations omitted) (this appears to be dicta since the case was decided on other grounds).

. While the court earlier issued an oral decision regarding the alleged jurisdictional defect in this proceeding, the defendant is entitled to have a written order to evaluate when deciding what course of action to pursue following this court’s final decision and order on the merits of this small claims matter.

. Public Authorities Law § 1299-rr (1). Since the accident occurred in October 2007, the action is timely under Public Authorities Law § 1299-rr (2) (one year statute of limitations). The Authority is the appropriate defendant since the bus driver was acting within the scope of his duties. Public Authorities Law § 1299-rr (3). Apparently, rather than deposing the plaintiff with an eye toward settlement, the Authority chose to exercise its right to litigate the procedural issue first at the required small claims arbitration which preceded this de novo review. Public Authorities Law § 1299-rr (4). Because of that, the court granted the defendant an adjournment from the original de novo date to procure witnesses and present a defense to the merits of the action.

. City of Syracuse v Utica Mut. Ins. Co., 83 AD2d 116, 122 (4th Dept 1981), affd 61 NY2d 691 (1984) (internal quotation marks omitted), cited in Treanor v Metropolitan Transp. Auth., 414 F Supp 2d 297, 302 (SD NY 2005).

. Uniform City Court Act § 1804.

. UCCA 1804; see Williams v Roper, 269 AD2d 125 (1st Dept 2000), Iv dismissed 95 NY2d 898 (2000); see also Cruz v Beechwood RB LLC, 11 Misc 3d 126(A), 2006 NY Slip Op 50183(U) (App Term, 1st Dept 2006).

. The complaint “asks judgment . . . against you for $ 1401.40 together with costs, upon the following claim: from 10/23/07 plaintiff has money due for damages to ‘02 Dodge Neon hit by bus.” The court takes judicial notice of its own records in this case which contain both documents. Until such time as remedial action is taken by the legislature, future forms used by the court will hopefully require a forced response to a notice and request to settle question and the complaint will contain appropriate referential language.

. Holmes v United States, 2005 WL 2298159, *2, 2005 US Dist LEXIS 20648, *6 (SD NY 2005). The court went on to find that
“[i]n reviewing a complaint for dismissal for lack of subject matter jurisdiction, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs favor. Dismissal for lack of subject matter jurisdiction is only appropriate where it appears that plaintiff can prove no set of facts that would support jurisdiction. Where dismissal is sought on the grounds of lack of subject matter jurisdiction, evidentiary matters outside the pleadings may be considered by the Court. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence, that it exists.” 2005 WL 2298159, *2, 2005 US Dist LEXIS 20648, *6-7 (citations and internal quotation marks omitted).

. Compare Vehicle and Traffic Law § 1123 (b) (“The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety”) and Vehicle and Traffic Law § 1131 (normally driving on the shoulder of the road is prohibited), with Vehicle and Traffic Law § 1123 (a) (circumstances when passing on right allowed — none of which appear to apply to the facts of this case); see also People v Shulman, 14 Misc 3d 129(A), 2006 NY Slip Op 52508(U) (App Term, 2d Dept 2006).

. The plaintiffs son accompanied him to this hearing at the conclusion of which the court suggested that in the interest of his safety and to relieve the anxiety of his children the plaintiff might consider hanging up his car keys when nighttime driving is required. The court tendered that comment because while it found liability on the part of RTS, there appears to have been no reason for the plaintiffs vehicle to have come to a complete stop in the driving lane before executing the right-hand turn.

. UCCA 1804.

. UCCA 1805 (a).