Leroy Frazier, Plaintiff-Appellant, - The
against
City of New York, Defendant-Respondent.



Plaintiff appeals from an order of the Small Claims Part of Civil Court of the City of New York, New York County (Paul A. Goetz, J.), entered June 9, 2016, which denied his motion to restore the case to the calendar and dismissed the action.




Per Curiam.
Order (Paul A. Goetz, J.), entered June 9, 2016, affirmed, without costs.
Civil Court properly dismissed this action because no motion for leave to serve a late notice of claim was made within the applicable one-year and 90-day limitations period (see General Municipal Law § 50-e[5]), "and it makes no difference that plaintiff[], without court leave, had served the notice of claim within the limitations period" (Hall v City of New York, 1 AD3d 254, 256 [2003], quoting Armstrong v New York Convention Ctr. Operating Corp., 203 AD2d 170, 170-171 [1994]; Levy v City of New York, 1 Misc 3d 134[A], 2004 NY Slip Op 50026[U] [App Term, 1st Dept 2004]). Compliance with the statutory notice of claim requirement, which forms "an indispensable element of the substantive cause of action" (Jackson v Police Dept. of City of NY, 119 AD2d 551, 552 [1986]), "may not be dispensed with here merely because plaintiff chose to pursue his cause of action in the Small Claims Part of the Civil Court" (Ragosto v Triborough Bridge & Tunnel Auth., 173 Misc 2d 560, 561 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 14, 2016